UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X ONE, INC.,<br><br>           Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>           Defendant. | Case No.16-cv-06050-LHK (SVK)<br><br>**ORDER ON JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER**<br><br>Re: Dkt. No. 51 |

The parties have filed a Joint Motion for Entry of a Protective Order (ECF 51).  In the Joint Motion, the parties explain that they have agreed on nearly all provisions of a proposed protective order, tracking closely this district's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (the "Model Order").  The parties have also agreed to include the Model Order's prosecution bar (Model Order § 8), as well as an exception to that bar.  The subject of the Joint Motion is the scope of the exception to the prosecution bar.  Together with their Joint Motion, each party submitted a proposed protective order.  Having considered the papers submitted and determined that no further briefing or hearing is necessary, and for the reasons set forth below, the Court adopts plaintiff X One, Inc.'s proposed protective order.

## I.     BACKGROUND

X One alleges that certain of defendant Uber Technologies, Inc.'s mobile device applications and services infringe two X One patents.  The parties have agreed on the terms of a protective order, including a prosecution bar.  The parties have also agreed to an exception to the prosecution that permits attorneys for plaintiff X One, Inc. who receive access during the litigation to information designated by Uber as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

1    ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" to engage in certain activities in

2    defending a patent before a domestic or foreign agency, including an *inter partes* review ("IPR")

3    of X One's patents, under certain conditions.  The agreed upon language of the exception provides

4    that X One attorneys will not (1) rely or use any HIGHLY CONFIDENTIAL—ATTORNEYS'

5    EYES ONLY or HIGHLY CONFIDENTIAL—SOURCE CODE technical or source code

6    information, or (2) "participate in any activities that will affect the scope of the claims, including

7    without limitation drafting, amending, or shaping the scope of any amended or added claim."

8    ECF 51 at 1.  X One's portion of the Joint Motion emphasizes that its litigation counsel has agreed

9    "not to seek new or amended claims during the course of any IPR."  *Id.*

10        The parties disagree on one aspect of the scope of the exception to the prosecution bar,

11   however.  Specifically, defendant Uber argues that the list of "activities that will affect the scope

12   of the claims" that would be prohibited should include "advising on the scope or maintenance of

13   the patent claims (e.g., advocating for a particular construction of any patent claim)."  X One

14   objects to Uber's proposed language and argues that its attorneys should be permitted to advocate

15   for a particular construction of patent claims during IPR proceedings.

16        The parties' competing proposals for this exception to the prosecution bar are as follows,

17   with the disputed language underlined:

18   ////

19   ////

20   ////

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

United States District Court
Northern District of California

-2-

| X One's Proposal | Uber's Proposal |
|---|---|
| Notwithstanding the foregoing, an attorney that is otherwise subject to this provision may participate in activities defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, or *inter partes* review), if such counsel expressly agrees that in connection with such proceedings, it will not rely on or use any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE technical or source code information and will not participate in any activities that will affect the scope of the claims, including without limitation drafting, amending, or shaping the scope of any amended or added claim. | Notwithstanding the foregoing, an attorney that is otherwise subject to this provision may participate in activities defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, or inter partes review), if such counsel expressly agrees that in connection with such proceedings, it will not rely on or use any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE technical or source code information and will not participate in any activities that will affect the scope of the claims, including without limitation drafting, amending, <u>or advising on the scope or maintenance of the patent claims (e.g., advocating for a particular construction of any patent claim)</u> or shaping the scope of any amended or added claim. |

According to Uber, it has not yet produced confidential information. Although the parties' current dispute centers on the scope of permissible activities by X One's attorneys in an IPR of X One's patents, it appears from the Joint Motion that no IPR has yet been filed.

## II.     LEGAL STANDARDS

The Court may, for good cause, issue a protective order. Fed. R. Civ. Proc. 26(c)(1). "[T]he determination of whether a protective order should include a patent prosecution bar is a matter governed by Federal Circuit law," under which the party seeking a prosecution bar has the burden of showing good cause to include it. *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). Under the *Deutsche Bank* framework, the party moving for a prosecution bar bears the burden of making a threshold showing that the proposed prosecution bar "reasonably reflect[s] the risk presented by the disclosure of proprietary competitive information," considering factors such as "the information designed to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar and the subject matter covered by the bar." *Id.* at 1381. This district's Model Order and its prosecution bar are presumed to be reasonable. *See Kelora Sys., LLC v. Target Corp.*, No. C 11-01548 CW (LB), 2011 WL 6000759, at *7 (N.D. Cal. Aug. 29, 2011) (the Model Order "set[s] forth presumptively reasonable conditions regarding the

treatment of highly confidential information"); *Grobler v. Apple Inc.*, No. C 12-01534 JST (PSG), 2013 U.S. Dist. LEXIS 65048, at *3 (N.D. Cal. May 7, 2013) ("this district is authorized … to establish a presumption of a so-called 'prosecution bar'").

The prosecution bar in the Model Order defines "prosecution" to include original prosecution, reissue, and reexamination proceedings. *See* Model Order § 8 n.12. The prosecution bar also extends to IPR proceedings because, although patent claims may not be broadened in such proceedings, the proceedings nevertheless "carry the potential to modify—directly or indirectly—the scope or maintenance of patent claims," and counsel could use confidential information to "prophylactically cede claim scope through limiting arguments." *Software Rights Archive, LLC v. Facebook, Inc.*, No. 5:12-cv-03970-RMW-PSG, 2014 U.S. Dist. LEXIS 4673, at *11 (N.D. Cal. Jan. 13, 2014).

A party seeking an exception to the prosecution bar bears the burden of showing, on a counsel-by-counsel basis, "(1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in the litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use." *Grobler*, 2013 U.S. Dist. LEXIS 65048, at *4-5 n.5 (quoting *Deutsche Bank*, 605 F.3d at 1381).

When weighing whether the terms of a proposed prosecution bar and exceptions to the bar are appropriate, the Court should bear in mind that the bar "should serve only to mitigate the risk of inadvertent use of proprietary information by a patentee, not to unduly burden a patentee with additional expense." *Software Rights Archive*, 2014 U.S. Dist. LEXIS 4673, at *7.

## III.   DISCUSSION

The parties agree that the protective order in this case should include the prosecution bar language of the Model Order. They also agree that an exception to the prosecution bar is appropriate to enable X One's attorneys in this litigation to participate to some degree in an IPR on X One's patents. X One has agreed that its attorneys that fall within the IPR exception to the

-4-

United States District Court
Northern District of California

prosecution bar will not "seek new or amended claims during the course of the IPR." *See* ECF 51 at 1. The parties' agreement that an exception to the prosecution bar is appropriate to permit the patentee's attorneys to participate in an IPR on the existing claims is consistent with a number of cases in this district in which courts have approved exceptions to the prosecution bar to permit a patentee's counsel to engage in various activities in IPR and other post-grant proceedings on existing (rather than new or amended) claims. *See, e.g., Software Rights Archive*, 2014 U.S. Dist. LEXIS 4673, at *12-14; *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, No. C-11-6391 SI, 2013 U.S. Dist. LEXIS 189036, at *6-8 (N.D. Cal. June 11, 2013).

X One has also agreed that its litigation attorneys "will not participate in any activities that will affect the scope of the claims." The parties disagree about whether this language should prohibit X One's litigation attorneys from "advocating for a particular construction of any patent claim" in the IPR. Uber argues that a party can "affect the scope of the claims" by actions taken during IPR other than claim amendments, and that "advocating for a claim construction is the primary way litigation counsel would be able to affect the scope of patent claims and use confidential information in an IPR." ECF 51 at 5. To be sure, claim scope can be affected in post-issue proceedings not only by amendments to the claim, but also by arguments during those proceedings. *See, e.g., Am. Piledriving Equip., Inc. v. Geoquip, Inc.*, 637 F.3d 1324, 1336 (Fed. Cir. 2011) (finding disclaimer of claim scope based on arguments patent owner made during reexamination); *Cias, Inc. v. Alliance Gaming Corp.*, 504 F.3d 1356, 1362 (Fed. Cir. 2007) (holding that patent owner's argument during reexamination constituted disavowal of claim scope even though "no amendments were made"). There is therefore at least some risk that X One's litigation counsel could use (even inadvertently) highly confidential information learned in this litigation in developing its claim construction arguments in the IPR and that, in turn, those arguments could "affect the scope of the claims."

The Court finds, however, that this risk to Uber is attenuated and does not outweigh the injury to X One from the restrictions Uber seeks on X One's ability to use its chosen litigation counsel to participate in claim construction arguments during an IPR. X One's agreement that its litigation counsel will not participate in amending or adding claims minimizes any impact X One's

litigation counsel can have on the on the scope of the claims in an IPR.  In *Software Rights Archive*, a court in this district held that "the threat that competitive decisionmaking would be implicated is clearly much reduced" where the patentee's litigation attorneys "cannot modify the claim language given that the patents have already expired."  2014 U.S. Dist. LEXIS 4673, at *12. Although this case does not involve expired patents, X One has agreed that its litigation attorneys will not participate in amending or adding claims during an IPR, so the risk of inadvertent use of highly confidential information learned in the litigation is similarly "much reduced."  Indeed, a number of cases have concluded that prohibitions on assisting with amendments to patent claims provide sufficient safeguards justifying exceptions to prosecution bars that allow litigation counsel to participate in post-grant proceedings.  *See, e.g., Grobler*, 2013 U.S. Dist. LEXIS 65048, at *6 ("Apple does not show that, in defending the validity of the disputed patents, Grobler's litigation counsel would be engaged in the type of 'competitive decisionmaking' that would unduly risk inappropriate use of Apple's proprietary information.  Things might be different if counsel had free rein in the PTO proceedings. But under Grobler's proposal, litigation counsel is prohibited from assisting in any crafting or amendment of patent claims"); *EPL Holdings, LLC v. Apple, Inc.*, No. C-12-04306 JST (JSC), 2013 U.S. Dist. LEXIS 71301, at *9-10 (N.D. Cal. May 20, 2013) ("The Court concludes that EPL's litigation counsel, as with the litigation counsel in *Grobler*, may participate in third-party initiated review proceedings so long as counsel is prohibited from assisting in any crafting or amendment of patent claims"); *LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, No. 11-cv-04494-WHO, 2013 U.S. Dist. LEXIS 157868, at *20 (N.D. Cal. Nov. 4, 2013) ("The defendants are suitably protected by an order that bars the specified individuals from using the defendants' confidential information in any proceedings in the PTO and bars them from any involvement in drafting any new claims or claim amendments").

Uber is further protected by X One's agreement in the prosecution bar exception that its litigation attorneys will not rely on or use Uber highly confidential technical or source code information.  In other words, even if X One's litigation attorneys are permitted to assist with claim construction arguments during an IPR, they are nevertheless barred from relying on or using Uber's protected information to do so.  Counsel's express confidentiality obligations help mitigate

any risk from their participation in the IPR.  *See Shared Memory Graphics, LLC v. Apple, Inc.*, No. C-10-2475 VRW (EMC), 2010 U.S. Dist. LEXIS 125184, at *15 (N.D. Cal. Nov. 12, 2010) (allowing patent holder's litigation counsel to participate in reexamination proceedings if counsel agreed not to rely during reexamination on confidential information supplied by the opposing party in litigation).

Whereas the risk to Uber from the participation of X One's litigation attorneys in an IPR is minimal, Uber's proposal would likely subject X One to significant costs and inefficiencies by requiring X One to retain separate counsel to handle claim construction arguments in the IPR.  At least in the posture of this case, it appears that any IPR filed by Uber would be "nothing more than an extension of the litigation in the district court."  *See Grobler*, 2013 U.S. Dist. LEXIS, at *7. X One attorneys with access to highly confidential Uber information will be arguing claim construction in the district court case.  It would make little sense to allow Uber to exclude those same X One attorneys from participating in IPR claim construction arguments (within the parameters to which X One has already agreed) because it would force X One "to defend a patent in two separate venues with two teams of attorneys."  *See Software Rights Archive*, 2014 U.S. Dist. LEXIS 4673, at *14 (citation omitted).  Indeed, Uber's agreement that there should be an exception to the prosecution bar to permit X One's litigation attorneys to participate in an IPR is difficult to square with its position that such participation cannot include claim construction arguments in IPR concerning the existing patent claims; Uber has not explained what, if any, IPR activities would be permitted under its proposed version of the exception to the prosecution bar. Because X One's litigation attorneys have agreed not to amend or add claims during any IPR and have further agreed not to rely on or use any of Uber's highly confidential technical or source code information, the equities favor permitting X One's litigation attorneys to participate in claim construction arguments in an IPR.  *See id*.

////

////

////

////

IV.     CONCLUSION

        For the reasons discussed above, the Court will issue X One's proposed version of the protective order.

        **SO ORDERED.**

Dated: March 16, 2017

_____
SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California