John P. Bovich (SBN 150688)
Email: jbovich@reedsmith.com
Christine M. Morgan (SBN 169350)
Email: cmorgan@reedsmith.com
Jonathan I. Detrixhe (SBN 258946)
Email: jdetrixhe@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Gerard M. Donovan (*pro hac vice*)
REED SMITH LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, DC 20005-3317
Telephone: 202.414.9200
Facsimile: 202.414.9299

Attorneys for Defendant Uber Technologies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X ONE, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., Defendant. | No.: 5:16-CV-06050-LHK<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Uber Technologies, Inc. ("Uber") responds to Plaintiff X One, Inc.'s ("Plaintiff") Complaint for Patent Infringement and Jury Demand ("Complaint") as follows:

# ANSWER

## NATURE OF ACTION

1. Uber admits that this action purports to be an action for patent infringement under the patent laws of the United States, Title 35, United States Code.

## THE PARTIES

2. Uber lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint, and therefore denies them.

3. Uber admits that it is a Delaware corporation with its principal place of business in San Francisco, California.

## JURISDICTION AND VENUE

4. Uber admits that Plaintiff purports to bring this action for patent infringement under the United States Patent Laws, 35 U.S.C. § 100 et seq. and admits that this Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). Uber denies the remaining allegations of Paragraph 4.

5. Uber does not challenge personal jurisdiction. Uber admits that it has conducted business within the State of California and that its corporate headquarters are located in this District. Uber admits that it has offered for sale, sold, and advertised services in the United States, the State of California, and the Northern District of California. Uber denies the remaining allegations of Paragraph 5.

6. Uber admits, for purposes of this action only, that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b). Uber denies the remaining allegations of Paragraph 6.

## FACTUAL BACKGROUND

7. Uber lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint, and therefore denies them.

8. Uber lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint, and therefore denies them.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

9. Uber lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint, and therefore denies them.

10. Uber lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint, and therefore denies them.

11. Uber admits that United States Patent No. 8,798,647 (the '647 Patent) and United States Patent No. 8,798,593 (the '593 Patent) (collectively, the patents-in-suit) are at issue in this action. Uber denies the remaining allegations of Paragraph 11.

12. Uber admits that in December 2014, X One sent an email addressed to Uber's CEO, Mr. Travis Kalanick. Uber denies the remaining allegations of Paragraph 12.

13. Uber admits that Plaintiff alleges infringement. Uber admits that the Uber App may permit a rider to request a ride. Uber denies the remaining allegations of Paragraph 13.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,798,647

14. Uber incorporates by reference its responses to paragraphs 1 through 13 above.

15. Uber admits that the copy of what Plaintiff alleges to be the '647 Patent attached as Exhibit A to the Complaint is titled "Tracking Proximity of Services Provider to Services Consumer" and states on its face that it issued on August 5, 2014. Uber denies the remaining allegations of Paragraph 15.

16. Denied.

17. Denied.

18. Uber admits that the copy of what Plaintiff alleges to be the '647 Patent attached to the Complaint states at 1:30-31 that "[n]o two way position information sharing technology currently exists as far as the applicant is aware." Uber denies the remaining allegations of Paragraph 18.

19. Denied.

20. Denied.

21. Uber admits that the copy of what Plaintiff alleges to be the '647 Patent attached to the Complaint states at 15:34-36 that "[a]fter both phones are set up as instant buddies, each phone

1 shows the location of the other phone on its moving map." Uber denies the remaining allegations of
2 Paragraph 21.

3     22. Denied.

4     23. Uber admits that the copy of what Plaintiff alleges to be the '647 Patent attached to
5 the Complaint includes some claims that recite a "use-specific group." Uber denies the remaining
6 allegations of Paragraph 23.

7     24. Denied.

8     25. Denied.

9     26. Uber admits that the copy of what Plaintiff alleges to be the '647 Patent attached to
10 the Complaint states at 1:63-67 that "there is no mechanism to add groups and members of groups,
11 and there is no mechanism to set up 'instant buddies' as that term is used below (temporary location
12 sharing between phones on an ask and accept basis which automatically expires after a configurable
13 interval terminates)." Uber denies the remaining allegations of Paragraph 26.

14     27. Uber admits that the copy of what Plaintiff alleges to be the '647 Patent attached to
15 the Complaint states at 1:67-2:2 that "[t]he kid locator phones are set up at the factory and nothing
16 can be changed in the field by the users and they are always on and cannot be disabled." Uber
17 denies the remaining allegations of Paragraph 27.

18     28. Uber admits that the copy of what Plaintiff alleges to be the '647 Patent attached to
19 the Complaint states at 1:63-67 that "there is no mechanism to add groups and members of groups,
20 and there is no mechanism to set up 'instant buddies' as that term is used below (temporary location
21 sharing between phones on an ask and accept basis which automatically expires after a configurable
22 interval terminates)." Uber denies the remaining allegations of Paragraph 28.

23     29. Uber admits that the copy of what Plaintiff alleges to be the '647 Patent attached to
24 the Complaint states at 3:20-25 that "[i]n a system employing the teachings of the invention, the
25 users can change things on the fly in the field such as: adding groups and members; adding instant
26 buddies, changing the size of the area in which their buddies can be tracked, enabling or disabling
27 the location information sharing function without disabling the phone, etc." Uber denies the
28 remaining allegations of Paragraph 29.

30. Uber admits that the copy of what Plaintiff alleges to be the '647 Patent attached to the Complaint states at 3:26-30 that "[s]ome of the benefits of the Buddy Tracker technology are that it allows businesses to easily identify which service persons are closest to the next job and to let personnel in the field know the positions of their co-workers and to share their location with their co-workers." Uber denies the remaining allegations of Paragraph 30.

31. Uber admits that the copy of what Plaintiff alleges to be the '647 Patent attached to the Complaint states at 15:34-36 that "[a]fter both phones are set up as instant buddies, each phone shows the location of the other phone on its moving map," and states at 15:36-38 that "[t]his allows the tow truck driver to find the user tow truck customer and the user customer to know where the tow truck driver is." Uber denies the remaining allegations of Paragraph 31.

32. Denied.

33. Uber admits that the copy of what Plaintiff alleges to be the '647 Patent attached to the Complaint includes a claim 22 that recites a "requestor," a "provider," and "in connection with the request for the desired service." Uber denies the remaining allegations of Paragraph 33.

34. Uber admits that the copy of what Plaintiff alleges to be the '647 Patent attached to the Complaint includes a claim 22 that recites a "use-specific group" and "in connection with the request for the desired service." Uber denies the remaining allegations of Paragraph 34.

35. Paragraph 35 contains conclusions of law to which no response is required. To the extent a response is deemed to be required, Uber denies the allegations of Paragraph 35.

36. Uber admits that the copy of what Plaintiff alleges to be the '647 Patent attached to the Complaint includes a claim 22 that recites a "use-specific group" and "in connection with the request for the desired service." Uber denies the remaining allegations of Paragraph 36.

37. Uber lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 37 of the Complaint, and therefore denies them.

38. Denied.

39. Denied.

40. Paragraph 40 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be

1 required, and without admitting the presence of any claim terms in any accused products, Uber admits that the Uber App may display a map and that driver icon(s) may be displayed on the map. Uber denies the remaining allegations of Paragraph 40.

41. Paragraph 41 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be required, and without admitting the presence of any claim terms in any accused products, Uber admits that GPS data may be used in connection with a driver and that GPS data may be used in connection with a rider. Uber denies the remaining allegations of Paragraph 41.

42. Paragraph 42 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be required, and without admitting the presence of any claim terms in any accused products, Uber admits that GPS data associated with a driver's location may be used, that the Uber App may display a map and that driver icon(s) may be displayed on the map. Uber denies the remaining allegations of Paragraph 42.

43. Paragraph 43 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be required, and without admitting the presence of any claim terms in any accused products, Uber admits that the Uber App may display a map and that rider and driver icon(s) may be displayed on the map. Uber denies the remaining allegations of Paragraph 43.

44. Paragraph 44 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be required, and without admitting the presence of any claim terms in any accused products, Uber admits that GPS data may be used in connection with a driver, that GPS data may be used in connection with a rider, that the Uber App may display a map and that rider and driver icon(s) may be displayed on the map. Uber denies the remaining allegations of Paragraph 44.

45. Paragraph 45 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be required, and without admitting the presence of any claim terms in any accused products, Uber

1 admits that the Uber App may display a map and that rider and driver icon(s) may be displayed on
2 the map. Uber denies the remaining allegations of Paragraph 45.

3     46. Paragraph 46 contains conclusions of law (including as to claim terms which have
4 not been construed) to which no response is required. To the extent a response is deemed to be
5 required, and without admitting the presence of any claim terms in any accused products, Uber
6 admits that the Uber App may permit a rider to phone or text a driver, and that a phone number may
7 be anonymized. Uber denies the remaining allegations of Paragraph 46.

8     47. Denied.

9     48. Paragraph 48 contains conclusions of law (including as to claim terms which have
10 not been construed) to which no response is required. To the extent a response is deemed to be
11 required, and without admitting the presence of any claim terms in any accused products, Uber
12 admits that the Uber App may be installed on a rider's or driver's wireless device. Uber denies the
13 remaining allegations of Paragraph 48.

14     49. Paragraph 49 contains conclusions of law (including as to claim terms which have
15 not been construed) to which no response is required. To the extent a response is deemed to be
16 required, and without admitting the presence of any claim terms in any accused products, Uber
17 admits that the Uber App may receive information about a driver, information about a rider, and a
18 map. Uber denies the remaining allegations of Paragraph 49.

19     50. Paragraph 50 contains conclusions of law (including as to claim terms which have
20 not been construed) to which no response is required. To the extent a response is deemed to be
21 required, and without admitting the presence of any claim terms in any accused products, Uber
22 admits that the Uber App may display a map and that rider and driver icon(s) may be displayed on
23 the map. Uber denies the remaining allegations of Paragraph 50.

24     51. Paragraph 51 contains conclusions of law (including as to claim terms which have
25 not been construed) to which no response is required. To the extent a response is deemed to be
26 required, and without admitting the presence of any claim terms in any accused products, Uber
27 admits that the Uber App may display a map and that driver icon(s) may be displayed on the map.
28 Uber denies the remaining allegations of Paragraph 51.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

52. Paragraph 52 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be required, and without admitting the presence of any claim terms in any accused products, Uber admits that the Uber App may display a map and that rider and driver icon(s) may be displayed on the map. Uber denies the remaining allegations of Paragraph 52.

53. Paragraph 53 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be required, and without admitting the presence of any claim terms in any accused products, Uber admits that a wireless device may be associated with a driver. Uber denies the remaining allegations of Paragraph 53.

54. Paragraph 54 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be required, and without admitting the presence of any claim terms in any accused products, Uber admits that the Uber App may display a map and that rider and driver icon(s) may be displayed on the map. Uber denies the remaining allegations of Paragraph 54.

55. Paragraph 55 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be required, and without admitting the presence of any claim terms in any accused products, Uber admits that a rider may launch the Uber App. Uber further admits that the Uber App may display a map and that rider and driver icon(s) may be displayed on the map. Uber denies the remaining allegations of Paragraph 55.

56. Paragraph 56 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be required, and without admitting the presence of any claim terms in any accused products, Uber admits that a rider may request a ride. Uber denies the remaining allegations of Paragraph 56.

57. Paragraph 57 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be required, and without admitting the presence of any claim terms in any accused products, Uber

1 admits that the Uber App may permit a rider to phone or text a driver, and that a phone number may
2 be anonymized. Uber denies the remaining allegations of Paragraph 57.

3     58. Denied.

4     59. Denied.

5     60. Uber admits that in December 2014, X One sent an email addressed to Uber's CEO.
6 Uber denies the remaining allegations of Paragraph 60.

7     61. Uber admits that it has provided the Uber App to drivers and riders. Uber denies the
8 remaining allegations of Paragraph 61.

9     62. Denied.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,798,593

11     63. Uber incorporates by reference its responses to paragraphs 1 through 62 above.

12     64. Uber admits that a copy of what Plaintiff alleges to be the '593 Patent is attached to
13 the Complaint as Exhibit B and is titled "Location Sharing and Tracking Using Mobile Phones or
14 Other Wireless Devices" and states on its face that it issued on August 5, 2014. Uber denies the
15 remaining allegations of Paragraph 64.

16     65. Denied.

17     66. Denied.

18     67. Uber admits that the copy of what Plaintiff alleges to be the '593 Patent attached to
19 the Complaint states at 1:30-31 that "[n]o two way position information sharing technology
20 currently exists as far as the applicant is aware." Uber denies the remaining allegations of Paragraph
21 67.

22     68. Uber admits that the copy of what Plaintiff alleges to be the '593 Patent attached to
23 the Complaint states at 12:21-25 that "[t]he Buddy Watch server's main function is to serve maps to
24 the cell phones registered in the Buddy Watch system and implement GPS position data exchanges
25 between itself and the phones on a buddy list to enable members of a buddy list to view the
26 locations of other members of the list." Uber denies the remaining allegations of Paragraph 68.

27     69. Uber admits that the copy of what Plaintiff alleges to be the '593 Patent attached to
28 the Complaint states at 15:26-38 that "[t]he Buddy Tracker software also has the ability to set up

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  instant buddies with, for example, tow truck drivers. Display area 16 shows an instant buddy entry
2  for an instant buddy named Inst01. For example, the user's car breaks down. The user calls a towing
3  service, and finds out the tow truck driver has a cell phone with Buddy Tracker on it. The user dials
4  the tow truck driver's cell phone and requests to be an instant buddy of the tow truck driver's phone.
5  His phone is then set up as an instant buddy on the user's phone. After both phones are set up as
6  instant buddies, each phone shows the location of the other phone on its moving map. This allows
7  the tow truck driver to find the user tow truck customer and the user customer to know where the
8  tow truck driver is." Uber further admits that the copy of what Plaintiff alleges to be the '593 Patent
9  attached to the Complaint states at 30:49-31:2 as follows: "19. An apparatus, comprising: a server; a
10 database representing an account for a first individual, the account having an associated buddy list
11 that identifies multiple users; software to request and store position information associated with cell
12 phones of plural ones of the multiple users by receiving information from cell phones associated
13 with the respective multiple users in a manner not requiring concurrent voice communications; and
14 software responsive to a request from the first individual to obtain a map, to obtain a last known
15 position for multiple users identified by the buddy list, to plot the last known location of at least two
16 of the multiple users on the map, to transmit the map with plotted locations to the first individual,
17 and to permit the first individual to change geography represented by the map by zooming the map
18 and to responsively transmit to the first individual a map representing the changed geography with
19 plotted position of at least one of the multiple users, each in a manner not requiring concurrent
20 voice communications." Uber denies the remaining allegations of Paragraph 69.

21    70.    Uber admits that the copy of what Plaintiff alleges to be the '593 Patent attached to
22 the Complaint states at 15:26-38 that "[t]he Buddy Tracker software also has the ability to set up
23 instant buddies with, for example, tow truck drivers. Display area 16 shows an instant buddy entry
24 for an instant buddy named Inst01. For example, the user's car breaks down. The user calls a towing
25 service, and finds out the tow truck driver has a cell phone with Buddy Tracker on it. The user dials
26 the tow truck driver's cell phone and requests to be an instant buddy of the tow truck driver's phone.
27 His phone is then set up as an instant buddy on the user's phone. After both phones are set up as
28 instant buddies, each phone shows the location of the other phone on its moving map. This allows

1 the tow truck driver to find the user tow truck customer and the user customer to know where the
2 tow truck driver is." Uber further admits that the copy of what Plaintiff alleges to be the '593 Patent
3 attached to the Complaint states at 30:49-31:2 states as follows: "19. An apparatus, comprising: a
4 server; a database representing an account for a first individual, the account having an associated
5 buddy list that identifies multiple users; software to request and store position information
6 associated with cell phones of plural ones of the multiple users by receiving information from cell
7 phones associated with the respective multiple users in a manner not requiring concurrent voice
8 communications; and software responsive to a request from the first individual to obtain a map, to
9 obtain a last known position for multiple users identified by the buddy list, to plot the last known
10 location of at least two of the multiple users on the map, to transmit the map with plotted locations
11 to the first individual, and to permit the first individual to change geography represented by the map
12 by zooming the map and to responsively transmit to the first individual a map representing the
13 changed geography with plotted position of at least one of the multiple users, each in a manner not
14 requiring concurrent voice communications." Uber denies the remaining allegations of Paragraph
15 70.

16     71.    Denied.

17     72.    Uber admits that the copy of what Plaintiff alleges to be the '593 Patent attached to
18 the Complaint includes some claims that recite a "buddy list." Uber denies the remaining allegations
19 of Paragraph 72.

20     73.    Denied.

21     74.    Denied.

22     75.    Uber admits that the copy of what Plaintiff alleges to be the '593 Patent attached to
23 the Complaint states at 1:62-67 that "there is no mechanism to add groups and members of groups,
24 and there is no mechanism to set up 'instant buddies' as that term is used below (temporary location
25 sharing between phones on an ask and accept basis which automatically expires after a configurable
26 interval terminates)." Uber denies the remaining allegations of Paragraph 75.

27     76.    Uber admits that the copy of what Plaintiff alleges to be the '593 Patent attached to
28 the Complaint states at 1:67-2:2 that "[t]he kid locator phones are set up at the factory and nothing

1 can be changed in the field by the users and they are always on and cannot be disabled." Uber
2 denies the remaining allegations of Paragraph 76.

3     77. Uber admits that the copy of what Plaintiff alleges to be the '593 Patent attached to
4 the Complaint states at 1:62-67 that "there is no mechanism to add groups and members of groups,
5 and there is no mechanism to set up 'instant buddies' as that term is used below (temporary location
6 sharing between phones on an ask and accept basis which automatically expires after a configurable
7 interval terminates)." Uber denies the remaining allegations of Paragraph 77.

8     78. Uber admits that the copy of what Plaintiff alleges to be the '593 Patent attached to
9 the Complaint states at 3:20-25 that "[i]n a system employing the teachings of the invention, the
10 users can change things on the fly in the field such as: adding groups and members; adding instant
11 buddies, changing the size of the area in which their buddies can be tracked, enabling or disabling
12 the location information sharing function without disabling the phone, etc." Uber denies the
13 remaining allegations of Paragraph 78.

14     79. Uber admits that the copy of what Plaintiff alleges to be the '593 Patent attached to
15 the Complaint states at 3:26-30 that "[s]ome of the benefits of the Buddy Tracker technology are
16 that it allows businesses to easily identify which service persons are closest to the next job and to let
17 personnel in the field know the positions of their co-workers and to share their location with their
18 co-workers." Uber denies the remaining allegations of Paragraph 79.

19     80. Uber admits that the copy of what Plaintiff alleges to be the '593 Patent attached to
20 the Complaint states at 15:34-36 that "[a]fter both phones are set up as instant buddies, each phone
21 shows the location of the other phone on its moving map." Uber further admits that the copy of
22 what Plaintiff alleges to be the '593 Patent attached to the Complaint states at 15:36-38 that "[t]his
23 allows the tow truck driver to find the user tow truck customer and the user customer to know
24 where the tow truck driver is." Uber denies the remaining allegations of Paragraph 80.

25     81. Denied.

26     82. Uber admits that the copy of what Plaintiff alleges to be the '593 Patent attached to
27 the Complaint includes a claim 19 that recites: "An apparatus, comprising: a server; a database
28 representing an account for a first individual, the account having an associated buddy list that

1 identifies multiple users; software to request and store position information associated with cell 2 phones of plural ones of the multiple users by receiving information from cell phones associated 3 with the respective multiple users in a manner not requiring concurrent voice communications; and 4 software responsive to a request from the first individual to obtain a map, to obtain a last known 5 position for multiple users identified by the buddy list, to plot the last known location of at least two 6 of the multiple users on the map, to transmit the map with plotted locations to the first individual, 7 and to permit the first individual to change geography represented by the map by zooming the map 8 and to responsively transmit to the first individual a map representing the changed geography with 9 plotted position of at least one of the multiple users, each in a manner not requiring concurrent 10 voice communications." Uber denies the remaining allegations of Paragraph 82.

83. Uber admits that the copy of what Plaintiff alleges to be the '593 Patent attached to the Complaint includes a claim 19 that recites "to change geography represented by the map." Uber denies the remaining allegations of Paragraph 83.

84. Uber admits that the copy of what Plaintiff alleges to be the '593 Patent attached to the Complaint includes a claim 19 that recites "store position information associated with cell phones of plural ones of the multiple users" and "plot the last known location of at least two of the multiple users on the map." Uber denies the remaining allegations of Paragraph 84.

85. Uber admits that the copy of what Plaintiff alleges to be the '593 Patent attached to the Complaint includes a claim 19 that recites "buddy list" and "to plot the last known location of at least two of the multiple users on the map." Uber denies the remaining allegations of Paragraph 85.

86. Uber lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 86 of the Complaint, and therefore denies them.

87. Denied.

88. Denied.

89. Paragraph 89 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be required, and without admitting the presence of any claim terms in any accused products, Uber denies the allegations of Paragraph 89.

90. Paragraph 90 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be required, and without admitting the presence of any claim terms in any accused products, Uber admits that a rider using the Uber App must create an Uber account before requesting a ride. Uber denies the remaining allegations of Paragraph 90.

91. Paragraph 91 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be required, and without admitting the presence of any claim terms in any accused products, Uber admits that certain information regarding an Uber account is stored. Uber denies the remaining allegations of Paragraph 91.

92. Paragraph 92 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be required, and without admitting the presence of any claim terms in any accused products, Uber admits that the Uber App may display a map and that driver icon(s) may be displayed on the map. Uber denies the remaining allegations of Paragraph 92.

93. Paragraph 93 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be required, and without admitting the presence of any claim terms in any accused products, Uber admits that the Uber App may display a map and that driver icon(s) may be displayed on the map. Uber denies the remaining allegations of Paragraph 93.

94. Paragraph 94 contains conclusions of law (including as to claim terms which have not been construed) to which no response is required. To the extent a response is deemed to be required, and without admitting the presence of any claim terms in any accused products, Uber admits that the Uber App may display a map and that rider and driver icon(s) may be displayed on the map. Uber denies the remaining allegations of Paragraph 94.

95. Denied.

96. Denied.

97. Uber admits that in December 2014, X One sent an email addressed to Uber's CEO, Mr. Travis Kalanick. Uber denies the remaining allegations of Paragraph 97.

98. Uber admits that it has provided the Uber App to drivers and riders. Uber denies the remaining allegations of Paragraph 98.

99. Denied.

## PRAYER FOR RELIEF

Uber incorporates by reference its responses to paragraphs 1 through 99 above. Uber denies that Plaintiff is entitled to any relief whatsoever against Uber in this action, either as prayed for in the Complaint or otherwise.

Except as expressly admitted above, Uber denies each and every allegation contained in the Complaint.

## JURY DEMAND

X One's Jury Demand requires no response.

## AFFIRMATIVE DEFENSES

Uber hereby asserts the following affirmative defenses, without undertaking or otherwise shifting the applicable burden of proof in any respect. Uber specifically reserves the right to assert additional affirmative defenses as warranted by facts learned through investigation and discovery.

### First Affirmative Defense

1. Uber does not infringe, nor has it infringed, directly infringed, contributorily infringed or induced infringement of the patents-in-suit, either by literal infringement or by infringement under the doctrine of equivalents.

### Second Affirmative Defense

2. One or more of the claims of the patents-in-suit are invalid and/or unenforceable under one or more of the provisions of Title 35, U.S.C. Sections 100, et. seq., including Sections 101, 102, 103 and 112 thereof.

\ \ \

\ \ \

### Third Affirmative Defense

3. One or more of the claims of the patents-in-suit are barred by the doctrine of estoppel (including, but not limited to, equitable estoppel, prosecution history estoppel and otherwise).

### Fourth Affirmative Defense

4. One or more of the claims are barred in whole or in part by the doctrines of waiver and/or laches.

### Fifth Affirmative Defense

5. Plaintiff's purported damages, if any, are limited by the provisions of 35 U.S.C. §§ 286, 287, and 288.

### Sixth Affirmative Defense

6. Plaintiff has failed to state facts sufficient to support an award of attorneys' fees to Plaintiff.

Uber reserves its rights to amend its Answer based on subsequently acquired information.

### PRAYER FOR RELIEF

WHEREFORE, Uber requests that this Court enter a judgment in its favor and against Plaintiff as follows:

    A. Dismissing Plaintiff's Complaint with prejudice in its entirety and denying all relief requested therein;

    B. Entering judgment in favor of Uber and adjudging that Plaintiff takes nothing;

    C. Entering judgment that Uber has not infringed and is not infringing any valid claim of the patents-in-suit, directly or indirectly, either literally or under the doctrine of equivalents;

    D. Entering judgment that each of the claims of the patents-in-suit are invalid and/or unenforceable;

    E. Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding Uber its costs, expenses and reasonable attorneys' fees; and

F. Granting such further relief to Uber as is just and proper.

**DEMAND FOR JURY TRIAL**

Uber requests trial by jury.

DATED: March 20, 2017      Respectfully submitted,

By:    */s/ John P. Bovich*
John P. Bovich (SBN 150688)
Email: jbovich@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
*Attorneys for Defendant*
*Uber Technologies, Inc.*