

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

**JACOB SCHROEDER**
650.849.6765
jacob.schroeder@finnegan.com

March 6, 2019

Magistrate Judge van Keulen                                    **VIA CM/ECF**
U.S. District Court for the Northern District of California
280 South 1st Street
San Jose, CA  95113

      Re:   *X One, Inc. v. Uber Technologies, Inc.,*
            <u>No. 5:16-CV-6050-LHK (SVK)</u>

Magistrate Judge van Keulen
March 6, 2019
Page 2

Dear Magistrate Judge van Keulen:

Pursuant to Your Honor's Civil Scheduling and Discovery Standing Order (dated July 2018), the parties to the above-entitled action submit this joint statement to seek the Court's assistance in resolving a discovery dispute. The parties have conducted several telephonic meet-and-confers regarding this dispute and are at an impasse.

### Days Remaining Before the Close of Fact Discovery and/or Trial

This patent infringement case was filed on October 19, 2016 (ECF No. 1). Fact discovery opened on January 18, 2017, following the initial CMC (ECF No. 39). The case was stayed pending IPRs filed by Uber from October 24, 2017 (ECF No. 78) through November 15, 2018 (ECF No. 89).

The close of fact discovery is presently set for May 31, 2019, and a trial date is set for February 10, 2020. ECF No. 96. Accordingly, there are **86 days** before the close of fact discovery and **341 days** before trial.

### Brief Statement of the Unresolved Issue

**Issue 1**: Before the case was stayed, X One issued two sets of Requests for Production. The first on March 8, 2017, and the second on August 28, 2017. The Court lifted the stay on November 15, 2018, and the parties held a mediation proceeding on January 11, 2019.

Uber is continuing to produce documents, will be producing documents on a rolling basis on a weekly basis, and has represented that it will substantially complete its production responsive to X One's document requests by April 30, 2019, a month before the close of fact discovery. The close of fact discovery is May 31, 2019. The parties dispute whether one month is sufficient time to allow for follow-on discovery following the last production.

**Issue 2**: X One has failed to provide narrative responses to Uber's interrogatory requests, instead pointing Uber to documents under Rule 33(d). For some interrogatories, the documents identified in lieu of a narrative response number into the tens of thousands of pages.

### X One's Statement and Proposed Compromise

*Uber's Document Production*. X One served its first set of Requests for Production (Nos. 1-15) on Uber on March 8, 2017. Ex. 1. Uber served its Responses thereto on April 28, 2017. Ex. 2. Uber's Responses nowhere indicate a date by which Uber intends to complete its production of documents responsive to X One's Requests. On June 21, 2017, Uber produced 11 documents totaling 35 pages.

X One served its second set of Requests for Productions (Nos. 16-51) on Uber on August 28, 2017. Ex. 3. Uber served its Responses thereto on September 27, 2017. Ex. 4. Uber's Responses nowhere indicate a date by which Uber intends to complete its production of documents responsive to X One's Requests. On September 29, 2017, Uber produced 5,256 documents totaling 62,684 pages. Approximately 30% of these documents are duplicates.

Magistrate Judge van Keulen
March 6, 2019
Page 3

The Court lifted the stay in this case on November 15, 2018. (ECF No. 89). Uber produced no more documents until February 28, 2019, when it produced **3,297** documents totaling **54,240** pages. Approximately 50% of these documents are duplicates. On the parties' March 1, 2019 meet and confer, Uber stated that it would continue to make productions on a rolling basis, but that it would not commit to substantively complete its production responsive to X One's requests until April 30, 2019.

X One repeatedly raised concerns with Uber's document production in 2017 (before the stay pending IPR) and from 2018-19 (after the stay was lifted). Despite the lifting of the stay, Uber did not produce a single document responsive to X One's Requests for Production between the beginning of October 2017 and the end of February 2019. X One has repeatedly requested that Uber commit to complete its production responsive to X One's requests (outstanding since March 2017) by February 2019. Uber has refused.

Rule 34 of the Federal Rules of Civil Procedure requires that productions in response to Rule 34 Requests for Production "must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." X One's first Requests have been outstanding for over 10 months. Uber's proposal that it will complete its production by April 30, 2019 is not a reasonable time. X One's second Requests have been outstanding for 5 months and, similarly, Uber's proposal that it will complete its production by April 30, 2019 is not a reasonable time.

Fact discovery closes in 3 months. Uber's proposal only affords X One a month in which to review Uber's document production and schedule and conduct the depositions. X One must have a firm commitment from Uber to complete its production by a sooner date so that X One may adequately prepare its case based on the schedule presently set by the Court. Until Uber completes its production, X One is unable to conduct fact and 30(b)(6) depositions.

Uber has allowed X One's counsel and technical experts to inspect some Uber source code. Uber supplemented this source code production on Friday, February 22, 2019, review of which is ongoing. This source code is not a substitute for the documents requested by X One.

X One's Proposed Compromise: X One respectfully requests the Court compel Uber to complete its document production responsive to X One's First and Second Requests by March 15, 2019. X One further requests the Court set a weekly discovery call to include at least lead counsel for X One (Dori Hines), lead counsel for Uber (Michael Jacobs), and Your Honor to proceed from now until the close of fact discovery (May 31, 2019). Based on the positions taken by Uber in the recent weeks, X One has serious concerns that it will not receive the discovery to which it is entitled without active Court supervision.

*X One's Interrogatory Responses*. X One already represented that it will serve supplemental interrogatory responses for Interrogatories 1–7 on two meet and confers, on February 22, 2019 and March 1, 2019. On March 4, 2019, Uber identified March 29, 2019 as the

date by which it contends X One should provide these responses. On March 5, 2019, X One agreed to provide this supplement by March 29, 2019, as Uber requests. Nonetheless, Uber insisted on including this issue in this brief.

### **Uber's Statement and Proposed Compromise**

*Uber's Document Production*. Since the Court lifted the stay, Uber has worked diligently to identify and collect additional relevant documents and source code to supplement its production. Since the stay was lifted, Uber has produced over 122 million lines of source code. The source code provides the best information on how Uber's accused technology operates. To date, X One has spent 21 days reviewing the source code and has noticed an additional three days of inspection. Uber has also produced to X One 433 pages of source code printouts requested by X One.

On February 28, 2019, Uber supplemented its document production by producing an additional 3,297 documents totaling 54,240 pages. That production included 1,251 documents that were re-produced at X One's request to fix a technical issue relating to a mismatch between OCR data and the document image and 11 documents for which the confidentiality designation was downgraded, also at X One's request. Thus, 38% of the production (not 50%) consisted of duplicates of previously produced documents. Since the stay, Uber has collected 5.4 Terabytes of data (not including source code) and is continuing to collect additional documents. In total, Uber will have collected from at least 19 custodians and several repositories. These documents need to be processed and reviewed for responsiveness and privilege before being produced to X One. To facilitate timely production, Uber is utilizing a team of contract attorneys to review the documents as expeditiously as possible.

In addition to the February 28 production, Uber will be making rolling productions on a weekly basis until its production is complete. Given its current rate of review, Uber expects to substantially complete its production by April 30, 2019, which is one month before the close of fact discovery currently scheduled for May 31, 2019. Even for the last tranche of documents to be produced on April 30, X One will have one month to conduct follow-on discovery (and even more time than that for the lion's share of documents, which will be produced before then).

After the parties' mediation failed in mid-January 2019, Uber attempted to work in good faith with X One regarding the parties' discovery disputes. And Uber remains committed to doing so. In fact, Uber has already complied with X One's multiple source code-related requests. For example, Uber has installed the numerous source code review tools requested by X One, has collected and produced millions of additional lines of source code requested by X One, has printed and delivered hundreds of pages of source code printouts requested by X One, and has hosted almost 20 full days of source code inspection by X One's experts.

Uber also shared with X One the search terms being used to collect technical documents. Uber invited X One to propose modifications or additions to the search terms. But to date, X One has declined to do so.

Magistrate Judge van Keulen
March 6, 2019
Page 5

Uber's Proposed Compromise:  Uber requests that the Court allow Uber to substantially complete its production of documents responsive to X One's First and Second Requests for Production of Documents by April 30, 2019, which is one month before the close of fact discovery.  Uber proposes that the parties continue to meet and confer on a weekly basis (and to record those calls, as the parties are currently doing) to discuss the parties' discovery dispute and to escalate only those issues at which the parties are at an impasse to Magistrate Judge van Keulen.  Uber is confident that the parties should be able resolve most disputes without burdening the Court.  To the extent that the Court requires lead counsel to be present at any meet and confer between the parties or before the Court, Uber requests that Michael Jacobs or Rudy Kim, who are co-lead counsel, be allowed to represent Uber.

To the extent that X One believes that a month is insufficient to address follow-on discovery raised by documents produced at the end of April, Uber is willing to agree to a short extension of fact discovery (e.g., two weeks).  Uber offered the above compromise to X One in advance of filing this joint statement.

***X One's Interrogatory Responses***.  Uber served its first set of interrogatory requests (nos. 1-7) on March 9, 2017.  On May 1, 2017, before the case was stayed, X One provided a response to those interrogatory requests.  Rather than provide narrative responses as required by the Federal Rules, X One instead referred Uber to documents, at times citing tens of thousands of pages.  For example, Interrogatory No. 6 states: "For each asserted claim of each of the Patents-in-Suit, describe in detail all facts and circumstances relating to the first written description, offer for sale, sale, public disclosure, public use, and disclosure to another of the claimed invention, including but not limited to, the date of, and persons involved in, such events as well as any documents related to such event."  In lieu of providing a narrative response, X One referred Uber to over 19,000 pages of documents pursuant to FRCP 33(d).

The law is clear that a party's obligation to answer interrogatories is not discharged by making reference to a mass of documents and relying on Federal Rule of Civil Procedure 33(d). *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 650-652 (N.D. Cal. 2004) (holding that patentee's interrogatory responses merely citing Rule 33(d) were insufficient because burden of deriving answer was not substantially the same for both parties and patentee's "attempt to rely upon Fed. R. Civ. P. 33(d) does not satisfy its obligation to respond"); *Blast Motion, Inc. v. Zepp Labs, Inc.*, 2016 WL 5107677, at *1, 3-4 (S.D. Cal. Mar. 2, 2016) (granting accused infringer's motion to compel more complete answer and rejecting patentee's reliance on Rule 33(d) because burden of deriving an answer was not substantially same for both parties).  Although Uber raised this issue on January 24, 2019, X One has yet to commit to supplementing its interrogatory responses with a narrative response.  In response to this joint statement, X One yesterday offered to supplement its responses by March 29, but would not confirm that it would provide narrative responses to all the interrogatories, and Uber has no assurance that X One will do so.

Uber's Proposed Compromise:  Rather than preclude X One from any allegation that should and could have been included in response to Interrogatory Nos. 1-7, Uber proposes that

Magistrate Judge van Keulen
March 6, 2019
Page 6

X One be ordered to provide narrative responses to Interrogatory Nos. 1-7 by March 29, 2019, and not simply "supplement" those responses as X One now proposes to do.

**Side-By-Side Comparison of the Parties' Proposed Compromises**

| Issue | X One's Compromise | Uber's Compromise |
|---|---|---|
| Uber's substantial completion of document production responsive to X One's First and Second Requests for Production | March 15, 2019 | Uber expects to substantially complete its document production by April 30, 2019 (one month before the end of fact discovery), and will continue its rolling production of documents until that date. To the extent that X One believes that a month is insufficient to address follow-on discovery raised by documents produced at the end of April, Uber is willing to agree to a short extension of fact discovery (e.g., two weeks). |
| X One's failure to provide narrative responses to Uber's Interrogatory Nos. 1-7 | | Uber proposes that X One be ordered to provide narrative responses to the entirety of Interrogatory Nos. 1-7 by March 29, 2019, and not simply "supplement" those responses as X One now proposes to do. |
| Addressing ongoing discovery disputes | Weekly discovery calls between lead counsel for both parties and Magistrate Judge until the close of fact discovery. Agenda to include items identified in writing 24 hours before call. If both parties agree that no call is needed a given week, then the call can be postponed to the following week. | Uber proposes that the parties continue to meet and confer on a weekly basis (and to record those calls) to discuss the parties' discovery dispute and to escalate only those issues at which the parties are at an impasse to Magistrate Judge van Keulen. Uber is confident that the parties should be able resolve most disputes without burdening the Court. To the extent that the Court requires lead counsel to be present at any meet and confer between the parties or before the Court, Uber requests that Michael Jacobs or Rudy Kim, who are co-lead counsel, be allowed to represent Uber. |

**Conclusion**

The parties jointly submit this statement. Further, I, Jacob Schroeder, hereby attest that concurrence in the filing of this document has been obtained from Uber.

Magistrate Judge van Keulen
March 6, 2019
Page 7

/s/ *Jacob Schroeder*

Jacob Schroeder
Counsel for Plaintiff X One, Inc.

/s/ *Esther Kim Chang*

Esther Kim Chang
Counsel for Defendants Uber Techs., Inc.

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP