1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6

7   X ONE, INC.,                                   Case No.  16-cv-06050-LHK   (SVK)

8          Plaintiff,

9          v.                                      **ORDER GRANTING IN PART AND
                                                    DENYING IN PART DEFENDANT'S
10  UBER TECHNOLOGIES, INC.,                        MOTION TO COMPEL A
                                                    SUPPLEMENTAL RESPONSE TO
11         Defendant.                               INTERROGATORY NO. 7**

12                                                  Re: Dkt. No. 133

13

14         In this action, Plaintiff X One, Inc. ("X One") asserts that Defendant Uber Technologies,

15  Inc. ("Uber") infringes U.S. Patent No. 8,798,593 ("the '593 Patent") and U.S. Patent No.

16  8,798,647 ("the '647 Patent").  In particular, X One alleges that Uber's app and Uber's ride-

17  sharing, car-pooling and delivery services infringe the '593 and '647 Patents.  *See* ECF 1.

18         This order addresses the first of two joint discovery letters filed by Uber on May 10, 2019.

19  ECF 133.  In this letter, Uber moves to compel X One to supplement its response to Uber's

20  Interrogatory No. 7.  *Id.*  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable

21  for disposition without oral argument.  The Court **GRANTS IN PART** and **DENIES IN PART**

22  Uber's motion to compel.

23  **I.     UBER'S INTERROGATORY NO. 7**

24         In general, Uber's Interrogatory No. 7 asks X One to identify and describe "all efforts to

25  license, enforce, capitalize on, sell, or otherwise exploit the Patents-in-Suit and Related Patents."

26  ECF 133 at 3.  Uber contends that X One failed to fully respond to this interrogatory by not

27  providing a narrative description of "all efforts" that it employed to license, sell or exploit the '593

28  and '647 Patents.  *Id.* at 2.  In particular, Uber alleges that its own investigation uncovered

1    evidence that X One offered to sell the '593 and '647 Patents on an intellectual property

2    marketplace run by Allied Security Trust ("AST"). *Id.* X One did not include these efforts in its

3    response to Interrogatory No. 7. *Id.* As a result, Uber requests an order: (1) requiring X One to

4    provide a full and complete narrative response to Interrogatory No. 7, (2) requiring X One to

5    verify its response to Interrogatory No. 7 under oath and (3) if X One fails to supplement its

6    response, precluding X One from offering any evidence or argument regarding the listing of the

7    '593 and '647 Patents on AST at any future proceeding. *Id.*

8         In response, X One asserts that it has provided a complete response to Interrogatory No. 7.

9    *Id.* at 3. X One also states, in the discovery letter, that it "has investigated and confirmed that it

10   has no memory or record of an offer to sell its patents 'on AST,' through 'PulseIP' or otherwise."

11   *Id.* at 4. X One further notes that Uber may ask questions regarding AST or PulseIP at the

12   upcoming depositions of X One's two principles. *Id.* X One also offers to provide verifications

13   before the close of fact discovery for all the interrogatory responses that it can verify. *Id.*

14   **II.      DISCUSSION**

15        Although Uber requests a "narrative" response to its Interrogatory No. 7, with one

16   exception, Uber fails to identify what specific information or type of information X One's current

17   response fails to provide. That exception is X One's failure to identify efforts to sell the '593 and

18   '647 Patents through an intellectual property marketplace run by AST. ECF 133 at 2. The Parties

19   did not submit to the Court copies of Interrogatory No. 7 or X One's response, but the Parties'

20   joint letter suggests that X One's response to Uber's Interrogatory No. 7 does not contain the

21   express statement X One now provides that it "has investigated and confirmed that it has no

22   memory or record of an offer to sell its patents 'on AST,' through 'PulseIP' or otherwise." *Id.* at

23   4. If X One's response does not include this language, X One must provide a supplemental

24   response to include that denial as it is set forth in the joint discovery letter. X One shall

25   supplement its response to Uber's Interrogatory No. 7, with a verified response, by **May 21, 2019**.

26        Uber's request for enforcement of Rule 26(e) via Rule 37(c) is premature, in part because

27   both Parties indicate that X One's efforts to monetize the '593 and '647 Patents will be explored in

28   deposition. *Id.* at 3–4. If or when Uber's request becomes ripe, Uber may seek relief through the

2

appropriate motion to the trial court.

**III.     CONCLUSION**

In sum, the Court **ORDERS** that by **May 21, 2019**, X One shall serve a verified, supplemental response to Uber's Interrogatory No. 7, which includes the statement that "X One has investigated, and confirmed that it has no memory or record of an offer to sell its patents 'on AST,' through 'PulseIP' or otherwise."

**SO ORDERED.**

Dated: May 15, 2019

_____
SUSAN VAN KEULEN
United States Magistrate Judge