

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

**JACOB SCHROEDER**
650.849.6765
jacob.schroeder@finnegan.com

May 17, 2019

Magistrate Judge van Keulen            **VIA CM/ECF**
U.S. District Court for the Northern District of California
280 South 1st Street
San Jose, CA  95113

Re:   *X One, Inc. v. Uber Technologies, Inc.,*
      No. 5:16-CV-6050-LHK (SVK)

Magistrate Judge van Keulen
May 17, 2019
Page 2

Dear Magistrate Judge van Keulen:

The parties to the above-entitled action submit this joint statement to seek the Court's assistance in resolving a discovery dispute. The close of fact discovery is May 31, 2019, and trial is set to begin February 10, 2020. ECF No. 96. There are **14 days** before the close of fact discovery and **269 days** before trial.

### Joint Brief Statement of the Unresolved Issue

Uber and X One are at an impasse regarding three issues related to depositions. First, since the parties' May 10 meet and confer, Uber has not yet identified witnesses for X One's Rule 30(b)(6) topics 3, 4, 10, 22, 29, 35, 38, and 39, although Uber has represented that it will be designating witnesses on all but three topics. Second, the parties disagree as to whether X One should be allowed additional depositions and the timing of depositions. Third, the parties dispute the propriety of dates offered for Jose Picazo and Richard Haney.

### X One's Statement and Proposed Compromise

On April 3, 2019, X One served its 30(b)(6) Notice of Deposition of Uber, identifying 43 topics for deposition. *See Exhibit 1*. X One has asked for Uber witnesses' availabilities on every meet and confer since then, noting that depositions must be completed by May 31. Uber identified witnesses for most 30(b)(6) topics on May 2, but has not provided witnesses for topics 3, 4, 10, 22, 29, 35, 38, and 39. On May 10, 2019, Uber represented that it would consider providing witnesses for all topics except topics 3, 4, and 22, but has not yet done so.

Uber's refusal to provide witnesses is improper. For example, topic 3 asks for, among other things, "the steps Uber has taken to preserve Documents relating to this case." Uber has refused to provide a witness for this topic because "'Accused Products and Services' and 'Accused Functionalities' are vague and ambiguous, due to X One's continued failure to amend its infringement contentions with specificity. Uber further objects that this Topic is premature, as discovery in the case is ongoing." The terms are not vague or ambiguous—they are specifically defined. Further, the ongoing nature of discovery has no bearing on whether Uber must identify a witness. Discovery ends in three weeks, and X One is entitled to answers regarding this topic. Topic 4 is similar.

Topic 22 asks for: "All information, facts and Documents relating to Uber's contention that the asserted claims of the Asserted Patents are not infringed by the Accused Products and services, invalid, and/or unenforceable.." Uber has refused to provide a witness because "it is properly the subject of expert testimony." However, the topic asks for "information, facts, and Documents" related to these topics. X One is entitled to ask Uber about facts in its possession relevant to this topic, including any information or documents it has identified as showing noninfringement or any prior art Uber contends is still at issue in this case.

Additionally, on May 7, 2019—after X One had already noticed 10 deposition witnesses—Uber amended its initial disclosures, identifying *fourteen new potential witnesses* having information relevant to this case. Uber has designated some of these individuals as

Magistrate Judge van Keulen
May 17, 2019
Page 3

30(b)(6) witnesses, but at least five are new: Minh Duong, Danny Guo, Andrew Macdonald, Aaron Melville, and Eric Schulman.[1]  Uber has refused to provide these new witnesses for deposition unless X One withdraws other deposition notices.

X One requests leave to take personal depositions of the fifteen potential trial witnesses in Uber's May 7 initial disclosure, to depose up to three additional witnesses, and to depose Uber's corporate designees.[2]  Due to the number of potential trial witnesses Uber has identified, this would bring X One total's depositions of Uber witnesses to between 17 and 19.

Finally, Uber has refused to schedule all depositions within the discovery period.  Uber has offered most of its witnesses for only one possible date, has offered all but two in the last two weeks of discovery, and has insisted on triple-tracking depositions:

| Name | Date Offered | Name | Date Offered |
|---|---|---|---|
| Dey, Arkajit | May 15 | Sahgal, Sanjay | May 31 |
| ~~Dumont, Vincent~~ | ~~May 17~~ | Tandon, Ankit | May 31 or June 7 |
| Choi, Jay | May 21 | **END OF FACT DISCOVERY** | |
| Courtemanche, Matthieu | May 21 | Parikh, Karan | June 4 |
| Medrano, Jesus | May 22 | Yu, Ryan | June 3-7 |
| Mulgrew, John | May 24 | Melville, Aaron | None |
| Rabin, Phil | May 24 | Schulman, Eric | None |
| Mclaughlin, Kevin | May 29 | Duong, Minh | None |
| Medisetty, Uday | May 29 | Guo, Danny | None |
| Cinelli, Dennis | May 31 | Macdonald, Andrew | None |

Given that these witnesses are expected to discuss issues relevant to Uber's infringement and damages, X One asked if Uber would be willing to stipulate to a one-week extension of the period for opening expert reports and has indicated it will accept a similar extension of the reply briefs and the end of expert discovery.

---

[1] While Eric Schulman and Aaron Melville were previously identified in response to an Interrogatory, Uber represented that they were no longer employed by Uber.  Uber's May 7 notice was the first time Uber indicated it intends to rely on Messrs. Schulman and Melville at trial.

[2] Attempting to resolve the dispute, X One asked Uber whether it could identify any individuals that Uber would not call for trial.  On May 13, Uber identified four noticed individuals it agreed not call, but confirmed that all witnesses in its May 7 disclosure were potential trial witnesses. X One has already withdrawn its deposition notice for one of the four and is now reconsidering whether the depositions of two more witnesses are necessary in view of Uber's agreement.  An attorney was already en route to Arkajit Dey's May 15 deposition, so X One plans to proceed with his deposition.

Magistrate Judge van Keulen
May 17, 2019
Page 4

      Finally, due to schedule conflicts, X One asks that the depositions of Jose Picazo and Richard Haney proceed on May 25 and May 26. Each of these witnesses has offered four separate dates for deposition: in mid-April, in late April, on May 14 and 16, and on May 16. Each time, Uber has refused the deposition date, despite having first noticed X One for its corporate deposition on February 11 and noticing Jose Picazo and Rich Haney for their personal depositions on March 20. Due to schedule conflicts during the last week of May—a week when the parties have scheduled five other depositions—X One has offered Mr. Picazo and Mr. Haney for deposition a fifth time, on May 25 and May 26, respectively. X One asks that Uber either take these dates or forego taking the corporate deposition of X One and Mr. Picazo and Mr. Haney's depositions altogether .

      **Uber's Statement and Proposed Compromise**
(1) X One's Rule 30(b)(6) Topics
      The parties met and conferred on X One's Rule 30(b)(6) topics on May 10, 2019. Uber will be designating individuals for all topics except Topic 22. Topic 22 asks for facts and documents relating to Uber's contentions on non-infringement, invalidity, and unenforceability. With respect to facts and documents underlying Uber's non-infringement contentions, those are the subject of the 15 other technical topics (i.e., topics 5-9, 10-13, 15-20) relating to the accused products and services, and witnesses have already been designated on those topics. With respect to facts and documents underlying Uber's invalidity contentions, those have already been disclosed in Uber's amended invalidity contentions. (ECF No. 129.) To the extent there is additional information, that information is protected by the work product doctrine or the attorney-client privilege. With respect to facts and documents underlying Uber's unenforceability contentions, that information is in X One's possession (e.g., the prosecution history of the patents). To the extent X One seeks any expert testimony on the topics of non-infringement, invalidity, and unenforceability, that will be forthcoming in Uber's expert reports and expert witness depositions.

      With respect to Topics 3 and 4, which ask about steps taken to preserve documents and activities taken to meet discovery obligations in the case, testimony (to the extent that there is any testimony that is not protected by the work product doctrine or the attorney-client privilege), Uber will not be designating witnesses until X One identifies sufficient grounds for justifying a corporate witness on these topics. Uber also served the same topics to X One on May 1, but X One has not yet designated witnesses on those topics

(2) X One's Request to Take Depositions Beyond Limits Allowed Under the Federal Rules
      Federal Rule of Civil Procedure 30(a)(2) presumptively limits the number of depositions each side may take to ten depositions. Here, X One is already taking the depositions of 13 Uber witnesses, not including the additional fact witness X One is expected to notice following its withdrawal of one of its deposition notices. Uber objects to any depositions of its employees beyond the ten depositions allowed by the Federal Rules and objects to any further disruption to its business—especially where, as here, X One has failed to make "a particularized showing of the need for the additional discovery." *Authentic, Inc. v. Atrua Techs., Inc.*, No. C 08-1423 PJH, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008); *Kelly v. Boeing Co.*, No. 3:18-CV-659-SI,

Magistrate Judge van Keulen
May 17, 2019
Page 5

2019 WL 281294, at *2 (D. Or. Jan. 22, 2019) (limiting plaintiff to 10 depositions even where 24 witnesses disclosed in initial disclosures).

On April 30, X One noticed the fact depositions of nine individuals.[3] On May 7, three-and-a-half weeks before the original close of fact discovery and a month before the parties' agreed-to deadline for depositions, Uber served amended initial disclosures. The only three individuals for which X One did not have prior notice were: Andrew Macdonald, Minh Duong, and Danny Guo. All of the other individuals in those amended initial disclosures were already disclosed as witnesses Uber had recently designated on X One's Rule 30(b)(6) topics (and are already scheduled to be deposed)[4] or were disclosed in Uber's April 19, 2019 responses to Interrogatory Nos. 1 and 8.[5] The same day as the amended disclosures, which was one week after X One had noticed its nine fact depositions and before any depositions had occurred, Uber offered to X One the opportunity to withdraw some of its nine previously noticed depositions to adjust for Uber's amended initial disclosures and also offered to extend the time to take depositions to account for such changes. X One has taken Uber up on that offer—withdrawing the noticed deposition of Vincent Dumont, scheduled for May 17, and has agreed to a one-week extension to the time to take depositions. Thus, X One will have had a month since service of the amended initial disclosures to select the ten depositions allowed under the Federal Rules.

In addition, on May 14, for the first time, X One stated its position that it wanted a fact deposition for each of Uber's Rule 30(b)(6) witnesses. X One has been on notice of the witnesses designated on Uber's Rule 30(b)(6) topics since May 2 and 3. X One is free to serve as many Rule 30(b)(6) deposition topics as it wants, including over a broad range of topics, but one consequence of that choice is that multiple witnesses will likely need to be designated on those broad topics. Uber has designated seven corporate representatives across X One's 43 topics. After accounting for the deposition of Uber's corporate witnesses, the Federal Rules allow for nine additional fact depositions. X One may choose to allocate those nine depositions as it sees fit, including using one of the nine depositions to depose witnesses Uber has designated on Rule 30(b)(6) topics. And X One knows how to do that—it has already noticed the fact depositions of two of Uber's corporate representatives. To the extent that it wants depositions of individuals not currently noticed (whether from Uber's amended disclosures or otherwise), X One should withdraw some of its noticed depositions. Moreover, Uber is willing to offer any of these witnesses for deposition, so long as X One stays within the 10-witness limit imposed the by Federal Rules. To the extent X One requires additional time to consider how to utilize its allocation of ten depositions, Uber can agree to extend the time for depositions an additional week to June 14, beyond that already agreed to by the parties.

(3) Depositions of X One's Sole Two Witnesses

X One complains about the scheduling of Uber's witnesses but has offered its sole two witnesses for Memorial Day weekend: Jose Picazo on Saturday, May 25 and Richard Haney on

---

[3] Courtemanche, Dey, Dumont, Medisetty, Parikh, Rabin, Sahgal, Tandon, and Yu.
[4] Choi, Cinelli, McLaughlin, Medrano, Mulgrew, Rabin, and Sahgal.
[5] Choi, Courtemanche, Medisetty, Melville, Rabin, Schulman, Yu.

Sunday, May 26. The last week of May, there are five depositions currently scheduled: None on Tuesday 5/28, two on Wednesday 5/29, none on Thursday 5/30, and three on Friday 5/31. Further, Uber has asked to move one of the depositions scheduled for 5/31 to 6/7, which would leave four depositions the last week of May.

Uber noticed the depositions of Jose Picazo and Richard Haney in their personal capacity on 5/14 and 5/16, respectively. As a courtesy to X One and by agreement of the parties so that witnesses on both sides would not have be deposed twice, Uber agreed to combine the personal and corporate depositions of Messrs. Picazo and Haney. Given that X One's email production was not to be complete until late May 10 and given that X One's pinpoint citations to source code in response to Interrogatory No. 11 (per Court order) would not be forthcoming until May 15, Uber requested that the depositions of X One's sole two witnesses, both of whom were corporate representatives, occur the last week of fact discovery. Instead, X One offered them Memorial Day weekend. X One has not represented that these witnesses are unavailable the last week of May. Uber requests that the Court order X One produce these witnesses the last week of May during a business day.

**Side-By-Side Comparison of the Parties' Proposed Compromises**

| Issue | X One's Compromise | Uber's Compromise |
|---|---|---|
| X One's Rule 30(b)(6) Topics | Uber shall provide a witness for all 30(b)(6) topics. | Uber will designate witnesses on X One's Rule 30(b)(6) topics, except for topics 3, 4, and 22. |
| X One's Request to Take Additional Depositions | Uber shall provide the newly identified individuals for deposition. Uber shall provide at least three dates for all depositions before May 31, or before June 7 if an extension is entered for the expert reports regarding infringement and damages and the end of expert discovery. | X One shall not be granted leave to take depositions beyond the 10 allowed by the Federal Rules. X One shall be allowed to withdraw the deposition notices of previously noticed witnesses to depose other witnesses (whether from Uber's amended initial disclosures or to depose Uber's corporate witnesses in their individual capacity). To allow for changes, depositions may occur through June 14, with a corresponding extension to the deadlines for expert reports and expert discovery. |
| Depositions of X One's Witnesses | Mr. Picazo is available May 25 and Mr. Haney is available May 26. | X One shall offer dates during the work week for its two sole witnesses Jose Picazo and Richard Haney between May 28 and June 14 on dates that are mutually agreeable to the parties. |

**Conclusion**

The parties jointly submit this statement. Further, I, Jacob Schroeder, hereby attest that concurrence in the filing of this document has been obtained from Uber.

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

Magistrate Judge van Keulen
May 17, 2019
Page 7

        */s/ Jacob Schroeder*

        Jacob Schroeder
        Counsel for Plaintiff X One, Inc.


        */s/ Esther Kim Chang*

        Esther Kim Chang
        Counsel for Defendants Uber Techs., Inc.