1
2
3
4 UNITED STATES DISTRICT COURT
5 NORTHERN DISTRICT OF CALIFORNIA
6

7 X ONE, INC.,                                 Case No. 16-cv-06050-LHK   (SVK)

8              Plaintiff,

9        v.                                    **ORDER GRANTING IN PART AND**
                                               **DENYING IN PART X ONE'S MAY 17,**
10 UBER TECHNOLOGIES, INC.,                    **2019 MOTION TO COMPEL UBER**
                                               **DEPOSITIONS**
11             Defendant.                      Re: Dkt. No. 145

12

13    **I.      INTRODUCTION**

14        In this action, Plaintiff X One, Inc. ("X One") asserts that Defendant Uber Technologies,

15 Inc. ("Uber") infringes U.S. Patent No. 8,798,593 ("the '593 Patent") and U.S. Patent No.

16 8,798,647 ("the '647 Patent"). In particular, X One alleges that Uber's app and Uber's ride-

17 sharing, car-pooling and delivery services infringe the '593 and '647 Patents. *See* ECF 1.

18        Before the Court is one of five joint discovery letters filed by the Parties in recent weeks.

19 ECF 133; ECF 135; ECF 139; ECF 144; ECF 145. This order addresses ECF 145 in which X One

20 moves to compel Uber to (1) identify witnesses for X One's Federal Rule of Civil Procedure

21 30(b)(6) Topics 3, 4, 10, 22, 29, 35, 38 and 39; (2) produce additional witnesses for deposition

22 beyond the ten allotted for under Federal Rule of Civil Procedure 30(a)(2); and (3) accept the dates

23 offered for the depositions of Jose Picazo and Richard Haney. *Id.* at 2.

24        Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition

25 without oral argument. As set forth below, the Court **GRANTS IN PART** and **DENIES IN**

26 **PART** X One's motion to compel.

27 ////

28 ////

## II.    DISCUSSION

### A.  X One's Rule 30(b)(6) Topics

X One moves to compel Uber to identify witnesses for its Rule 30(b)(6) Topics 3, 4, 10, 22, 29, 35, 38 and 39.  ECF 145 at 2.  Although Uber has yet to do so, it represents that it will provide witnesses on all topics except for Topics 3, 4 and 22.  *Id.* at 4.  **These witnesses are to be identified no later than 5:00 p.m. on Thursday, May 23, 2019.**  This leaves Topics 3, 4 and 22 for the Court's resolution.

#### 1.  Topic 3

The Court finds that Topic 3, which focuses on Uber's compliance with and execution of its document retention policy, is proper.  Thus, the Court **ORDERS** Uber to identify and produce a witness on Topic 3.

#### 2.  Topic 4

Topic 4 focuses on highly specific details of document searches.  The topic, as drafted and on the facts presented, is not in proportion to the needs of the case and is highly likely to quickly and unnecessarily raise issues of attorney client privilege and attorney work product.  The Court has allowed requests of this detailed nature only upon a showing that document productions to date have been inadequate.  X One fails to make such a showing here, and as a result, the Court **DENIES** X One's motion to compel Uber to identify a witness on Topic 4.

#### 3.  Topic 22

Topic 22 asks Uber to identify a Rule 30(b)(6) witness on the facts and documents relating to Uber's contentions on non-infringement, invalidity and unenforceability. *Id.* at 2.  While interrogatories and requests for production directed at underlying facts in support of non-infringement and invalidity contentions, as well as claims of unenforceability, are generally appropriate, a deposition notice directed at these subjects, in a case of this nature, quickly invades the area of expert testimony.  If X One had demonstrated a reasonable basis to believe that Uber would have an understanding of this information, separate and apart from the work of its experts in this litigation, that would have given the Court additional facts to consider.  However, no such showing was made here, and therefore, the Court **DENIES** X One's motion to compel Uber to

1    identify a witness on Topic 22.

2    Accordingly, as set forth above, X One's motion to compel is **GRANTED IN PART** and

3    **DENIED IN PART**.  Further, **BOTH PARTIES ARE ORDERED** to identify witnesses for all

4    outstanding Rule 30(b)(6) topics by **5:00 p.m. on Thursday, May 23, 2019**.

5    **B.  X One's Motion to Compel Additional Depositions**

6    X One seeks permission to exceed Rule 30(a)(2)'s presumptive limit of ten depositions per

7    a side. ECF 145 at 2–3.  X One alleges that after it had already noticed ten deposition witnesses,

8    Uber amended its initial disclosures to identify fourteen new potential witnesses who have

9    information relevant to this case.  *Id.* at 2.  Although its request is not entirely clear, it appears that

10   X One seeks to depose five of those witnesses outright and to take personal depositions of each

11   Rule 30(b)(6) designee, such that it is requesting permission to conduct "between 17 and 19"

12   depositions.  *Id.* at 3.

13   Uber in turn objects to any depositions beyond the ten depositions allowed by

14   Rule 30(a)(2) and argues that X One has failed to demonstrate a need for additional depositions.

15   *Id.* at 4.  Uber is willing to offer any of the witnesses it has disclosed for deposition, so long as

16   X One stays within Rule 30(a)(2)'s presumptive ten-witness limit.  *Id.* at 5.  Lastly, Uber offers to

17   extend the time for depositions to June 14, an additional week after the Parties previously agreed

18   to conduct depositions.  *Id.*

19   A party seeking to exceed Rule 30(a)(2)'s presumptive ten-witness "limit bears the burden

20   of making a 'particularized showing' of the need for additional depositions." *Thykkuttathil v.*

21   *Keese*, 294 F.R.D. 597, 600 (W.D. Wash. 2013) (citations omitted); *Nat. Res. Def. Council, Inc. v.*

22   *Winter*, No. CV057513FMCFMOX, 2008 WL 11338647, at *2 (C.D. Cal. July 11, 2008).  The

23   requesting party must also "exhaust less expensive and burdensome means of discovery before

24   resorting to a request for relief." *Nat. Res. Def. Council*, 2008 WL 11338647, at *2.

25   Uber's May 7, 2019 amended initial disclosures identified fourteen "new" witnesses, but

26   only three of those are witnesses that X One had not previously seen.  The other witnesses had

27   previously been identified in interrogatory responses or as Rule 30(b)(6) designees. ECF 145 at

28   2–3 and n.1.  Although Uber's disclosure was relatively late in time, in the Parties' subsequent

3

1    meet and confer efforts, Uber confirmed that four individuals previously noticed by X One for

2    deposition were not going to testify at trial. *Id.* at 3 n.2.  One of these depositions was essentially

3    already under way, so X One stated that it planned to proceed with that deposition. *Id.*  That still

4    leaves X One three depositions to take while staying within the limits of Rule 30(a)(2).  Thus, X

5    One has room to take the depositions of the "new" witnesses, if it so chooses.  The three "new"

6    witnesses, Andrew Macdonald, Minh Duong and Danny Guo, are to be made available by close of

7    fact discovery or on a date agreed to by the Parties.  The Parties should note that nothing in this

8    order sanctions the extension of Court-ordered deadlines.

9           X One also requests permission to take individual depositions of all Uber's Rule 30(b)(6)

10   designees.  This request would require X One to exceed Rule 30(a)(2)'s ten-deposition limit.

11   X One fails to articulate why the additional depositions it seeks are necessary or what non-

12   duplicative discovery it seeks from deposing these witnesses in their individual capacities.

13   Accordingly, X One has made no showing for relief from the presumptive limit, and therefore, the

14   Court **DENIES** X One's request for permission to exceed Rule 30(a)(2)'s ten-deposition limit.

15           **C.  Deposition Dates for Jose Picazo and Richard Haney**

16          X One asks that the depositions of Jose Picazo and Richard Haney proceed on Saturday,

17   May 25, and Sunday, May 26.  ECF 145 at 4.  Uber requests that the Court order X One produce

18   both witnesses on business days during the last week of May, noting that no depositions are

19   currently scheduled for Tuesday, May 28, or Thursday, May 30. *Id.* at 6.   Here, fact discovery

20   closes on May 31, 2019.  ECF 96.  A deposition time crunch, including the triple-setting of

21   depositions and depositions on weekends, while not ideal is difficult to avoid in a case of this

22   scope.  Accordingly, the depositions of Jose Picazo and Richard Haney shall proceed on Saturday,

23   May 25, 2019, and Sunday, May 26, 2019.

24   **III.    CONCLUSION**

25          For the foregoing reasons, X One's motion to compel is **GRANTED IN PART** and

26   **DENIED IN PART**.  The Court **ORDERS** as follows:

27          •   Uber is to identify and produce witnesses for Topics 3, 10, 29, 35, 38 and 39.

28          •   Both Parties are to identify witnesses for all outstanding Rule 30(b)(6) topics by

                                                4

**5:00 p.m. on Thursday, May 23, 2019**.

- The Court denies X One's request for permission to exceed Rule 30(a)(2)'s ten-deposition limit.

- The depositions of Jose Picazo and Richard Haney shall proceed on Saturday, May 25, 2019, and Sunday, May 26, 2019.

Dated: May 22, 2019

SUSAN VAN KEULEN
United States Magistrate Judge