UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X ONE, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>   Defendant. | Case No. 16-cv-06050-LHK (SVK)<br><br>**ORDER AND REQUEST FOR ADDITIONAL INFORMATION REGARDING THE PARTIES' JUNE 7, 2019 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 184 |

In this action, Plaintiff X One, Inc. ("X One") asserts that Defendant Uber Technologies, Inc. ("Uber") infringes U.S. Patent No. 8,798,593 ("the '593 Patent") and U.S. Patent No. 8,798,647 ("the '647 Patent"). In particular, X One alleges that Uber's app and Uber's ride-sharing, car-pooling and delivery services infringe the '593 and '647 Patents. *See* ECF 1.

Before the Court is one of two joint discovery letters filed by the Parties dated June 7, 2019. ECF 182; ECF 184. This order addresses the second of those letters in which X One moves to compel *in camera* review of certain emails identified in Uber's privilege logs as well as compel further responses to X One's Requests for Admission ("RFAs"). ECF 184.

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument at this time. As set forth below, the Court **ORDERS** Uber to submit the documents identified below for *in camera* review. The Court also **GRANTS IN PART** and **DENIES IN PART** X One's motion to compel further responses to its RFAs.

### I. UBER'S PRIVILEGE LOGS

X One identifies several perceived irregularities in the privilege logs that Uber has produced in this case; however, the crux of the Parties' dispute centers on Uber's decision to

withdraw work production protection from certain emails on May 30, 2019. ECF 184 at 1–2. X One argues that Uber withdrew its work product production claim from these emails after receiving X One's May 29, 2019 supplemental response to an Uber interrogatory regarding X One's damages contentions. *Id.* at 1. In its interrogatory response, X One argues that "Uber's work product claims and descriptions . . . support[] that Uber had notice of and anticipated litigation as to the asserted patents as far back as September 2014." *Id.* According to X One, Uber's decision to withdraw its work product protection claim warrants *in camera* review to determine (1) if Uber's withdrawal of its work product protection claims was warranted; (2) if Uber's denials of pre-suit notice were justified; and (3) if the emails at issue are business communications, not subject to attorney-client privilege. *Id.* at 2–3.

Uber maintains that the emails that X One challenges are protected under attorney-client privilege because they were exchanged among members of Uber's in-house counsel and contain legal advice. *Id.* at 3. Uber further argues that X One fails to establish any basis for *in camera* review of those emails. *Id.* at 4–5.

The Court finds that X One has provided sufficient grounds to justify *in camera* review of limited documents, for a limited purpose. In particular, Uber's late-change to its privilege log, coinciding with X One's supplemental interrogatory response regarding its damages contentions, provides sufficient grounds for *in camera* review of the emails from which Uber has removed work product protection to determine whether attorney-client privilege applies to them. Accordingly, by **June 19, 2019 at 3:00 p.m.**, Uber is to deliver the following documents to chambers, either in hard-copy or electronic form to the Court's Courtroom Deputy, Denisa Castillo (Denisa_Castillo@cand.uscourts.gov):

- Entry #10 from Uber's June 2019 privilege log at Ex. 6 (ECF 181-8).
- Entries #30–43 from Uber's June 2019 privilege log at Ex. 6 (ECF 181-8).

////

////

////

////

## II. X ONE'S REQUESTS FOR ADMISSION

Each Party organized the RFAs in dispute in into slightly different groups. The Court groups the RFAs at issue into three categories.

The first category, RFAs Nos. 12–15, 22, 23, 27, 34, 35 and 42,[1] relate to whether individuals sent or received certain communications. The Court requires additional information prior to addressing these RFAs. Accordingly, by **June 19, 2019 at 3:00 p.m.**, the Parties are to indicate whether Uber or X One, or both, produced the documents identified in RFAs Nos. 12–15, 22, 23, 27, 34, 35 and 42.

The second category, RFAs Nos. 18, 19, 39, 40 and 56–61, seeks admissions regarding whether Uber took actions with respect to the asserted patents after certain specified communications. The Court finds that Uber's objections and responses are appropriate. Accordingly, the Court **DENIES** X One's motion to compel a further response to RFAs Nos. 18, 19, 39, 40 and 56–61.

The third category, RFAs Nos. 20, 21, 24 and 25, relate to whether Uber's previous CEO informed Uber's in-house counsel of certain emails from Jose Picazo sent in December 2014. The Court finds that Uber's responses are appropriate. Accordingly, the Court **DENIES** X One's motion to compel a further response to RFAs Nos. 20, 21, 24 and 25.

## III. CONCLUSION

In sum, the Court **ORDERS** as follows:

- By **June 19, 2019 at 3:00 p.m.**, Uber is to deliver the following documents to chambers, either in hard copy or electronic form to the Court's Courtroom Deputy, Denisa Castillo (Denisa_Castillo@cand.uscourts.gov):
    - Entry #10 from Uber's June 2019 privilege log at Ex. 6.
    - Entries #30–43 from Uber's June 2019 privilege log at Ex. 6.

---

[1] The Court notes that X One discusses RFA No. 42 under the third category. Because RFA No. 42 also refers to a document that may have been produced by Uber, the Court addresses it under the first category. The Court will address Uber's objections after the Parties respond to the Court's question regarding production of the documents.

- By **June 19, 2019 at 3:00 p.m.**, the Parties are to indicate whether Uber or X One, or both, produced each of the each of the documents identified in RFAs Nos. 12–15, 22, 23, 27, 34, 35 and 42.
- The Court **DENIES** X One's motion to compel a further response to RFAs Nos. 18, 19, 39, 40 and 56–61.
- The Court **DENIES** X One's motion to compel a further response to RFAs Nos. 20, 21, 24 and 25.

**SO ORDERED.**

Dated: June 18, 2019

SUSAN VAN KEULEN
United States Magistrate Judge