UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X ONE, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 16-cv-06050-LHK (SVK)<br><br>**FURTHER ORDER REGARDING THE PARTIES' JUNE 7, 2019 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. Nos. 184, 194 |

This is the Court's second order addressing ECF 184 in which Plaintiff X One, Inc. ("X One") moves to compel *in camera* review of certain emails identified in Defendant Uber Technologies, Inc.'s ("Uber") privilege logs and moves to compel further responses to X One's Requests for Admission ("RFAs"). ECF 184. On June 18, 2019, the Court issued its first order regarding this dispute. ECF 194. The Court ordered Uber to submit the documents for which Uber withdrew its work product production claim for *in camera* review and requested that the Parties indicate whether Uber or X One, or both, produced the documents identified in RFAs Nos. 12–15, 22, 23, 27, 34, 35 and 42. *Id.* at 2–4. The Court also denied X One's motion to compel a further response to RFAs Nos. 18–21, 24, 25, 39, 40 and 56–61. *Id.* at 4.

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument. The Court has received and reviewed the documents Uber produced for *in camera* review as well as the Parties' responses regarding who produced the documents identified in RFAs Nos. 12–15, 22, 23, 27, 34, 35 and 42. As set forth below, the Court **FINDS** that attorney-client privilege applies to the documents produced by Uber for *in camera* review. The Court further **ORDERS** that RFAs. Nos. 12–15, 22, 23, 27, 34 and 35 are deemed **ADMITTED** according to the limitations set forth below. Lastly, the Court **DENIES** X One's motion to

1  compel a further response to RFA No. 42.

## I. UBER'S ATTORNEY-CLIENT PRIVILEGE CLAIM

Through its June 7, 2019 motion to compel, X One sought clarification regarding the privilege status of documents identified in Uber's privilege log based primarily on Uber's decision to withdraw work product protection from those documents after receiving X One's May 29, 2019 supplemental response to an interrogatory regarding X One's damages contentions. ECF 184 at 1–3.

Although Uber withdrew its work product protection claim over the documents that X One now challenges, it maintains that attorney-client privilege still applies to these documents. *Id.* at 3. Attorney-client privilege protects confidential communications between attorneys and clients made for the purpose of giving legal advice. *See United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). This privilege protects communications with outside as well as in-house counsel. *See United States v. Rowe*, 96 F.3d 1294, 1296 (9th Cir. 1996). Likewise, the privilege can also apply to communications between members of in-house counsel. *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002).

The Court has reviewed the documents described in entries nos. 10 and 30–43 of Uber's June 2019 privilege log at Ex. 6 (ECF 181-8). The Court **FINDS** that all the documents are properly categorized as privileged attorney-client communications and that Uber has properly withdrawn its work product protection designation over these documents. To the extent that X One moves to compel production of these documents, the Court **DENIES** X One's request.

## II. X ONE'S REQUESTS FOR ADMISSION

X One's RFAs Nos. 12–15, 22, 23, 27, 34, 35 and 42, relate to whether individuals sent or received certain communications. Uber's refusal to admit or deny receiving documents that it produced is not well taken, particularly where Uber denies receiving emails sent from X One to Uber and produced by Uber. Without a citing a single supporting fact, such as a demonstrable failure of an email server on a given date, it is untenable that such denials were made in good faith. Accordingly, the Court **ORDERS** as follows:

////

- X One's RFAs Nos. 12–15, 22, 23, 34 and 35 are deemed **ADMITTED**.
- X One's RFA No. 27 is deemed **ADMITTED** as to Travis Kalanick's receipt of Jose Picazo's December 10, 2014 email.
- X One's motion to compel a further response to RFA No. 42 is **DENIED**. Uber argues that Mr. O'Shea could not recall sending the chart identified in RFA No. 42 to Mr. Michael. ECF 184 at 5–6. This explanation provides sufficient support for Uber's response that it lacks enough information to admit or deny RFA No. 42.

### III. CONCLUSION

In sum, the Court **ORDERS** as follows:

- Attorney-client privilege applies to the documents described in entries nos. 10 and 30–43 of Uber's June 2019 privilege log at Ex. 6 (ECF 181-8).
- X One's RFAs Nos. 12–15, 22, 23, 34 and 35 are deemed **ADMITTED**.
- X One's RFA No. 27 is deemed **ADMITTED** as to Travis Kalanick's receipt of Jose Picazo's December 10, 2014 email.
- X One's motion to compel a further response to RFA No. 42 is **DENIED**.

**SO ORDERED.**

Dated: June 21, 2019

SUSAN VAN KEULEN
United States Magistrate Judge