UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X ONE, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 16-cv-06050-LHK (SVK)<br><br>**ORDER GRANTING DEFENDANT'S REVISED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 240 |

Before the Court is Defendant Uber Technologies, Inc.'s ("Uber") Revised Administrative Motion to File Under Seal ("Motion"). ECF 240. Uber seeks to seal certain confidential information that it submitted to the Court in connection with the Parties' May 23, 2019 joint discovery letter regarding Uber's renewed motion to strike Plaintiff X One, Inc.'s ("X One") response to Uber's Interrogatory No. 11 and X One's infringement contentions. ECF 153. In particular, Uber seeks to seal Exhibit B to the joint letter, which is Uber's Supplemental Responses to X One's Third Set of Interrogatories (Nos. 9–20). ECF 152-6. Uber previously moved to seal the entirety of Exhibit B. ECF 152. However, the Court denied Uber's motion to seal Exhibit B without prejudice after finding that Exhibit B is not limited to a discussion or excerpts of Uber's source code. ECF 234. The Court further ordered that Uber may submit a revised motion to seal Exhibit B after narrowly tailoring its motion to only sealable material. *Id.* On July 24, 2019, Uber filed a revised motion to seal Exhibit B. ECF 240.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of

access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that are "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Here, the "good cause" standard applies because the information Uber seeks to seal was submitted to the Court in connection with a discovery dispute, rather than a motion that concerns the merits of the case. Having considered the Motion, the declaration of Thomas J. Pardini (ECF 240-1) submitted in support thereof, the pleadings on file and Uber's efforts to narrowly tailor it sealing requests, the Motion is hereby **GRANTED**.

The Court finds that the redacted portions of Exhibit B to the joint discovery letter (ECF 152-6; ECF 240-2) contain highly confidential information regarding the functionality and operation of Uber's source code, as well as the names of various internal services and software modules in Uber's source code. Pardini Decl. ¶ 2. Disclosure of this information would harm Uber's competitive standing in the ride-sharing industry by revealing insights into the operation and functionality of Uber's source code. *Id.* Other portions of Exhibit B contain confidential information regarding the locations of Uber's data centers and the internal code names for various versions of Uber's applications. *Id.* at ¶ 3. Uber maintains the confidentiality of this information to protect data security and allow its internal projects to develop freely without competitive harm or interference. *Id.* Accordingly, the Court **GRANTS** Uber's motion to seal the redacted portions of Exhibit B.

////

////

**IT IS HEREBY ORDERED** that the following materials should be sealed and that counsel for Uber may file the following materials under seal.

| Document | Text to be Sealed | Basis for Sealing Portion of Document |
|---|---|---|
| Exhibit B to Joint Discovery Letter | Page 9, lines 1–6<br><br>Page 15, line 6–page 18, line 28<br><br>Page 24, line 2–page 27, line 24<br><br>Page 32, lines 1–4<br><br>Page 33, lines 14–25<br><br>Page 55, lines 7–20<br><br>Page 57, lines 13–15, 17–18<br><br>Page 59, line 14–page 60, line 4<br><br>Page 62, lines 7–8<br><br>Page 64, lines 10–16 | The proposed redacted portion contains highly confidential information regarding the functionality and operation of Uber's source code, as well as the names of various internal services and software modules in Uber's source code. Pardini Decl. ¶ 2. Disclosure of this information would harm Uber's competitive standing in the ride-sharing industry. *Id.* Other portions of Exhibit B contain confidential information regarding the locations of Uber's data centers and the internal code names for various versions of Uber's applications. *Id.* at ¶ 3. Uber maintains the confidentiality of this information to protect data security and allow its internal projects to develop freely without competitive harm or interference. *Id.* Accordingly, Uber may file these portions of Exhibit B under seal. |

**SO ORDERED.**

Dated: August 2, 2019

*[signature: Susan van Keulen]*

SUSAN VAN KEULEN
United States Magistrate Judge