UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X ONE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 16-cv-06050-LHK (SVK)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 181 |

Before the Court is Plaintiff X One, Inc.'s ("X One") Administrative Motion to File Under Seal ("Motion"). ECF 181. X One seeks to seal certain confidential information that it submitted to the Court in connection with the Parties' June 7, 2019 joint discovery letter dispute regarding X One's motion to compel *in camera* review of certain emails identified in Defendant Uber Technologies, Inc.'s ("Uber") privilege logs and to compel further responses to X One's Requests for Admission. ECF 184.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to

motions that are "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Here, the "good cause" standard applies because the information X One seeks to seal was submitted to the Court in connection with a discovery dispute, rather than a motion that concerns the merits of the case. Having considered the Motion, the declarations of Jacob A. Schroeder (ECF 181-1) ("Schroeder Decl.") and Christopher L. Robinson (ECF 239) ("Robinson Decl.") submitted in support thereof, the pleadings on file and the Parties' efforts to narrowly tailor their sealing requests, the Motion is hereby **GRANTED IN PART** and **DENIED IN PART**.

X One moves to seal the entirety of Exhibits 1–8 to the Parties' June 7, 2019 joint discovery letter (ECF 184) because they contain information that Uber designated "Highly Confidential – Attorneys' Eyes Only" under the protective order in this case. ECF 181 at 1; Schroeder Decl. ¶ 3. X One does not maintain a claim of confidentiality over the material contained in Exhibits 1–8. ECF 181 at 1. Uber filed a declaration under Civil Local Rule 79-5(e)(1) and informed the Court that only Exhibits 3, 7 and 8 (ECF 181-5; ECF 181-9; ECF 181-10) contain confidential information. Robinson Decl. ¶ 2. Accordingly, the Court **GRANTS** X One's motion as to the portions of Exhibits 3, 7 and 8 outlined below. The Court **DENIES** X One's motion as to the remainder of Exhibits 3, 7 and 8 and the entirety of Exhibits 1, 2, 4, 5 and 6. X One is to file unredacted versions of Exhibits 1, 2, 4, 5 and 6 on the public docket by **August 12, 2019.** Uber is to file redacted versions of Exhibits 3 and 8 as outlined below and in the Robinson Decl. on the public docket by **August 12, 2019.**

////
////
////
////
////
////

**IT IS HEREBY ORDERED** that the following materials should be sealed and that counsel for Uber may file the following materials under seal.

| Document | Text to be Sealed | Basis for Sealing Portion of Document |
|---|---|---|
| Exhibit 3 to Joint Statement | Page 9, lines 17–21[1]<br><br>Page 12, lines 1–2,[2] 16–27<br><br>Page 13, lines 1–4, 8–12, 17–21, 22–23, 26–27<br><br>Page 14, lines 4–5<br><br>Page 15, lines 19–28<br><br>Page 16, lines 25–28<br><br>Page 17, lines 1–7, 10–19<br><br>Page 18, lines 7–16, 19–28<br><br>Page 19, lines 1, 17–26<br><br>Page 20, lines 2–11 | Exhibit 3 contains Uber's confidential financial information, including highly confidential revenue, cost, operating profit and margin numbers information. Robinson Decl. ¶ 3. Disclosure of this information would provide a competitive advantage to Uber's competitors and allow them to tailor their business strategies based on Uber's confidential financial and profit information. *Id.* This would harm Uber's competitive standing in the ride-sharing industry. *Id.* Accordingly, the portions of Exhibit 3 identified in paragraph 6 of the Robinson Decl. may be filed under seal. |
| Exhibit 7 to Joint Statement | Entire Document | Exhibit 7 is a hypothetical legal question and fact pattern prepared for evaluating applicants in Uber's hiring process for its legal department, which shows Uber's internal policies and procedures. Robinson Decl. ¶ 7. Disclosure of such information would reveal confidential information and details about Uber's deliberative hiring and interview process and could harm Uber's efforts to vet and hire employees. *Id.* at ¶¶ 7–8. Accordingly, Exhibit 7 may be filed under seal. |

---

[1] Although this portion of text does not relate to Uber's financial information, it does discuss the hypothetical legal question and fact pattern prepared for evaluating applicants in Uber's hiring process for its legal department that the Court finds may be filed under seal in its discussion of Exhibit 7.

[2] This portion of text contains a description of Uber's proprietary technology and operations, which the Court has determined may be filed under seal in its discussion of Exhibit 8.

| Document | Text to be Sealed | Basis for Sealing Portion of Document |
|---|---|---|
| Exhibit 8 to Joint Statement | Page 5, lines 16, 19–28<br><br>Page 6, lines 2–28<br><br>Page 7, lines 2–12, 13, 15–17, 18, 20–28<br><br>Page 8, lines 2–28<br><br>Page 9, lines 2–11<br><br>Page 10, lines 17–18<br><br>Page 11, lines 4–5<br><br>Page 12, lines 22–28<br><br>Page 13, lines 1–11<br><br>Page 18, lines 25–27<br><br>Page 19, lines 1–4, 7–10<br><br>Page 20, lines 6–23<br><br>Page 21, lines 16–18, 24–26<br><br>Page 22, lines 2–8, 11–28<br><br>Page 23, lines 2–28<br><br>Page 24, lines 2–3, 5–6, 11, 14–16, 17, 19–28<br><br>Page 25, lines 2–28<br><br>Page 26, lines 2–10<br><br>Page 30, line 5 | Exhibit 8 reveals highly confidential information related to Uber's third-party patent license agreements, including the identities of the confidential third parties, the pricing terms and licensing fees, and the specific intellectual property assets subject to the licenses. Robinson Decl. ¶ 10. Disclosure of this information may impair Uber's bargaining position in future negotiations with potential licensors and cause Uber competitive harm by revealing the names of Uber's licensors, the types of assets that Uber has licensed, the prices that Uber has paid for those licenses, and other confidential commercial terms contained in its license agreements. *Id.* Further, Exhibit 8 also includes descriptions of proprietary technology used or contemplated for use in Uber's products, and disclosure of this information would confer an unfair advantage on Uber's competitors by revealing specific technologies that Uber has or will incorporate in its products. *Id.* Accordingly, the portions of Exhibit 8 identified in paragraph 15 of the Robinson Decl. may be filed under seal. |

**SO ORDERED.**

Dated: August 2, 2019

_____
SUSAN VAN KEULEN
United States Magistrate Judge

4