UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| X ONE, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　Defendant. | Case No.16-cv-06050-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 279, 282 |

On October 3, 2019, Plaintiff X One, Inc. filed an administrative motion to file under seal Plaintiff's Request for Reconsideration, Further Objections and Notice of Second Patent Claim Reduction. ECF No. 279. On October 15, 2019, the Court denied the administrative motion to file under seal. ECF No. 283. However, this denial was made in error, without considering the declaration in support of sealing filed by Defendant Uber Technologies on October 7, 2019. ECF No. 282. The Court now GRANTS in part and DENIES in part the administrative motion to file under seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of*

1

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

By contrast, records attached to non-dispositive motions generally are not subject to the strong presumption of access, provided those motions are "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case need only meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). "The request must be narrowly

2

Case No. 16-cv-06050-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL

tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), in turn, requires the submitting party to attach a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable," a "proposed order that is narrowly tailored to seal only the sealable material," and a proposed order that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.*

The first question before the Court is whether the instant motion to seal is subject to the good cause or compelling reasons standard. Defendant contends that Plaintiff's Request for Reconsideration, Further Objections and Notice of Second Patent Claim Reduction is a non-dispositive filing, and the Court agrees. The Request for Reconsideration, Further Objections and Notice of Second Patent Claim Reduction concerns the Court's case narrowing order, and not to the merits of the case. A "good cause" showing is therefore sufficient to support sealing.

"Compelling reasons"—and *a fortiori*, "good cause"—exist when the publication of court files "could result in infringement upon trade secrets." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts: "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

Defendant contends that the redacted portions of the Request for Reconsideration, Further

3

Case No. 16-cv-06050-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Objections and Notice of Second Patent Claim Reduction contain confidential information about the "functionality and operation of Uber's applications." ECF No. 282 ¶ 2. Having reviewed the information to be redacted, the Court agrees that much of the information reveals insights into the technical operation of Uber's applications, and that disclosure of this information would harm Uber's competitive standing in the ride-sharing industry. The applications are, in essence, the "goods" that Uber "produces," which makes information about their technical operation a "trade secret." *See Ctr. for Auto Safety*, 747 F. App'x at 466 (9th Cir. 2018) (finding "information concerning the vehicles' design and development details" to be trade secrets). Therefore, "good cause" for sealing exists.

For the foregoing reasons, the Court rules on the instant motion as follows:

| **Document** | **Page/Line** | **Ruling** |
|---|---|---|
| Request for Reconsideration, Further Objections and Notice of Second Patent Claim Reduction | Page 2, lines 15-16 | GRANTED. |
| Request for Reconsideration, Further Objections and Notice of Second Patent Claim Reduction | Page 2, lines 20-21 | DENIED. The information Defendant seeks to seal is publicly disclosed in the preceding sentence, e.g., "Uber receives maps from multiple third-party providers." |
| Request for Reconsideration, Further Objections and Notice of Second Patent Claim Reduction | Page 2, lines 27-28 | GRANTED. |
| Request for Reconsideration, Further Objections and Notice of Second Patent Claim Reduction | Page 3, lines 5-6 | GRANTED. |
| Request for Reconsideration, Further Objections and Notice of Second Patent Claim Reduction | Page 3, lines 5-6 | GRANTED. |

Plaintiff shall file its Request for Reconsideration, Further Objections and Notice of Second Patent Claim Reduction in accordance with this order by October 22, 2019.

**IT IS SO ORDERED.**

Dated: October 16, 2019

_Lucy H. Koh_
LUCY H. KOH
United States District Judge