UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| X ONE, INC., | Case No.16–cv–06050–LHK |
| Plaintiff, | **ORDER RE: MOTIONS TO SEAL** |
| v. | |
| UBER TECHNOLOGIES, INC., | |
| Defendant. | |

Before the Court are the parties' sealing motions filed in connection with their motions to strike, ECF Nos. 249, 257, 260, 268, 271, 276; sealing motions filed in connection with their *Daubert* motions to exclude expert evidence, ECF Nos. 291, 296, 300, 314, 318, 320, 332, 334; and sealing motions filed in connection with their motions for summary judgment, ECF Nos. 293, 298, 322, 337.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). As the Ninth Circuit has explained, this is a "common law right,"

1

*United States v. Doe*, 870 F.3d 991, 996 (9th Cir. 2017), reflecting the American judicial system's longstanding commitment to "the open courtroom," *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014). The public policy favoring public access to judicial proceedings applies equally to court records because "court records often provide important, sometimes the only, bases or explanations for a court's decision." *Id.* Accordingly, when considering a sealing request, "a strong presumption in favor of access" is generally a court's "starting point." *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1194 (9th Cir. 2011) (internal quotation marks omitted). That presumption can be overcome only by a showing of a "compelling reason," that "outweighs the general history of access and the public policies favoring disclosure." *Id.* at 1194–95.

"Despite this strong preference for public access," the Ninth Circuit has "carved out an exception" for certain court filings. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Specifically, filings that are not "more than tangentially related to the merits of a case" need only satisfy the "less exacting" "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1097, 1102. The Ninth Circuit has explained that the rationale underlying the "good cause" standard is that "the public has less of a need for access to court records" that "are unrelated, or only tangentially related, to the underlying cause of action." *Oliner*, 745 F.3d at 1026.

## II. SEALING MOTIONS FILED IN CONNECTION WITH MOTIONS THE COURT DENIED AS MOOT

In the Court's February 11, 2020 order granting summary judgment of noninfringement in favor of Defendant Uber Technologies, Inc. ("Uber"), the Court denied the parties' three motions to strike, the parties' three *Daubert* motions, and Plaintiff X One, Inc.'s ("X One") motion for summary judgment of validity as moot. *See* ECF No. 350. Because the Court did not decide those motions, the Court hereby GRANTS the corresponding motions to seal: ECF Nos. 249, 257, 260, 268, 271, 276, 291, 293, 296, 300, 314, 318, 320, 332, 334. The documents that the moving parties provisionally filed under seal at the docket entries listed above shall remain under seal.

By contrast, the Court decided Uber's motion for summary judgment on the merits. The Court thus considers in turn each of the motions to seal filed in connection with Uber's motion for summary judgment:

### A. ECF No. 298, Uber's Motion to Seal in Connection with its Motion for Summary Judgment

In connection with its motion for summary judgment, Uber filed an administrative motion to seal, wherein Uber seeks to seal limited portions of its brief and corresponding exhibits. ECF No. 298. The information Uber seeks to seal falls into two categories. First, Uber moves to seal information relating to the technical functionality of Uber's products, which Uber argues could allow competitors to learn the "operation and functionality of Uber's technical capabilities" and "harm Uber's competitive standing in the ride–sharing industry." ECF No. 289–1 at 1. Second, Uber moves to seal information identifying Uber's licensors pursuant to confidential license agreements. The Court agrees that compelling reasons exist to seal this information. *See, e.g.*, *FTC v. Qualcomm Inc.*, No. 17–CV–220–LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal under the compelling to the extent it may harm the party or third parties' "competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets."). Furthermore, the parties' request is narrowly tailored because the requested sealing includes only those categories of information. Accordingly, Uber's motion to seal, ECF No, 298, is GRANTED. The documents that the moving parties provisionally filed under seal at the docket entries listed above shall remain under seal.

### B. ECF No. 322, X One's Motion to Seal in Connection with its Opposition

X One filed an administrative motion to seal in connection with its opposition to Uber's motion for summary judgment. ECF No. 322. Pursuant to the parties' Protective Order, ECF No. 54, X One seeks to seal information marked as highly confidential by Uber. Uber filed a declaration in support of X One's motion to seal Uber's confidential documents and filed revised unredacted exhibits. *See* ECF No. 329 ("Liu Decl.").

3

As an initial matter, X One's sealing motion was overbroad in that X One sought to seal entire documents marked confidential by Uber, and Uber's declaration subsequently narrowed the information sought to sealed.[1]  As a result, the Court DENIES with prejudice those portions of X One's exhibits that Uber does not seek to seal.  *See* Liu Decl.  As Uber explains, the information Uber seeks to seal falls into three categories, which the Court considers in turn below.

### 1.  Financial and Business Information

First, the parties seek to file under seal information regarding Uber's financial and business information, including information relating to pricing and business strategies.  The Court agrees that this information is sealable.  *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11–CV–640–LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (finding information regarding party's "long–term financial projections, discussions of business strategy, and competitive analyses" sealable under the compelling reasons standard).

Accordingly, the Court GRANTS in part the motion to seal as follows:

| Document | Portion(s) of Documents | Ruling |
|---|---|---|
| Jacob Schroeder Decl., Ex. 9 [322-6] | Highlighted portions of pages 117–19, 123 29, 153–64, 182–89, 199–213, 215–22, 224, 227, and 230. | GRANTED |
| Jacob Schroeder Decl., Ex. 10 [322-7] | Highlighted portions of pages 50, 52, 68–71, 73, 96–98, 121–23, 159, and 183–89. | GRANTED |
| Jacob Schroeder Decl., Ex. 11 [322-8] | Highlighted portions of pages 25–26, 32–36, 38–41, 67–71, 110–11, 114–15, and 129–33. | GRANTED |
| Jacob Schroeder Decl., Ex. 13 [322-10] | Highlighted portions of pages 25–26, 32–36, 38–41, 67–71, 110–11, 114–15, and 129–33. | GRANTED |

---

[1] Further, X One's motion to seal failed to comply with Local Rule 79-5 because it did not highlight or otherwise indicate in the unredacted versions of its documents the information sought to be sealed, e.g., in its opposition brief.  *See* Local Rule 79-5(d)(1)(D).  Nor did X One's proposed sealing orders "list[] in table format each document or portion thereof that is sought to be sealed.  In fact, the Court previously explicitly directed the parties to this Local Rule in its October 16, 2020 Order on X One's prior sealing motion.  ECF No. 285 at 3. The Court admonishes X One to ensure that it complies with the Court's local rules on filing under seal for any such future sealing requests.

4

| | | |
|---|---|---|
| Jacob Schroeder Decl., Ex. 16 [322-13] | Entire document. | GRANTED |
| Jacob Schroeder Decl., Ex. 20 [322-17] | Entire document. | GRANTED |

### 2. Confidential Licensing Information

Second, the parties seek to seal information identifying Uber's licensors pursuant to confidential license agreements. Court agrees that this information is sealable. *See, e.g.*, *Qualcomm Inc.*, 2019 WL 95922, at *3 (granting motion to seal under the compelling to the extent it may harm the party or third parties' "competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"). Accordingly, the Court GRANTS in part the motion to seal as follows:

| Document | Portion(s) of Documents | Ruling |
|---|---|---|
| X One's Opposition to Uber's Motion for Summary Judgment [322-3] | Highlighted portions of pages 4–5 and 16–18. | GRANTED |
| Jacob Schroeder Decl., Ex. 1 [322-4] | Highlighted portions of pages 52–60, 62, 65–67, 69–71, 73, 83–87, 131, 135, and 142–46. Orange highlighted portions of pages 146 and 147. | GRANTED |
| Jacob Schroeder Decl., Ex. 2 [322-5] | Highlighted portions of pages 21 and 22. | GRANTED |
| Jacob Schroeder Decl., Ex. 9 [322-6] | Highlighted portions of pages 18–19, 22, 37–44, 46–47, 53–57, 71, 80, 139, 155–62, 178–80, 183–85, 221–22, and 226. | GRANTED |
| Jacob Schroeder Decl., Ex. 11 [322-8] | Highlighted portions of pages 38, 40, 42, 70–74, 95–99, 199, and 225–26. | GRANTED |
| Jacob Schroeder Decl., Ex. 13 [322-10] | Highlighted portions of pages 27–30, 36–38, 46–49, 53–54, 74–75, 84–87, 96, 116, 118, and 142. | GRANTED |

### 3. Technical Information

Third, the parties seek to seal information "proprietary to Uber regarding the functionality and operation of Uber's products, including information relating to Uber's source code." Liu

5

Decl. ¶ 11.  The Court generally agrees that this type of information is sealable.  *See, e.g.*, *Finjan, Inc. v. Proofpoint, Inc.*, No. 13–CV–05808–HSG, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (granting request to seal portions of exhibits containing information about technical operation of products).

However, the Court DENIES with prejudice Uber's request to seal references to the "session ID" identifier in X One's opposition brief.  As an initial matter, the Court finds that Uber has failed to substantiate its request to seal this information with compelling reasons.  Uber conclusorily asserts that disclosure of this information "could allow Uber's competitors in the ride–sharing industry to glean insight into the operation and functionality of Uber's technical capabilities."  Liu Decl. at ¶¶ 11–12.  Uber also states that "[s]ome of the information listed could also threaten data security and lead to other competitive harm if disclosed."  *Id.* at ¶ 13.  The Court finds that Uber's generalized assertions that the existence of the session ID could be leveraged by competition or could have a data security impact is unsubstantiated and does not rise to the level of compelling.

On the other hand, the arguments about the session ID go to the core of the parties' arguments regarding noninfringement of the '647 Patent and are thus critical to the Court's analysis and disposition.  *See* ECF No. 350.  Accordingly, weighing the importance of the session ID in Uber's motion for summary judgment against the generalized reasons provided by Uber, the Court DENIES with prejudice Uber's request to seal the references to the "session ID" identifier to the extent they are discussed in X One's opposition brief.

Accordingly, the Court rules as follows:

| Document | Portion(s) of Documents | Ruling |
|---|---|---|
| X One's Opposition to Uber's Motion for Summary Judgment [322-3] | Highlighted portions of pages i, 1–4, 9–13, and 20. | DENIED with prejudice |
| Jacob Schroeder Decl., Ex. 1 [322-4] | Highlighted portions of pages 14–16, 19–26, 28–41, 44, 50–51, 54, 56–58, 62, 82, 93–95, 148–52, 191–92, 195, 199–204, 206, and 212. | GRANTED |

Case No. 16–cv–06050–LHK
ORDER RE: MOTIONS TO SEAL

| Jacob Schroeder Decl., Ex. 2 [322-5] | Highlighted portions of pages 21 and 22. | GRANTED |
|---|---|---|
| Jacob Schroeder Decl., Ex. 9 [322-6] | Highlighted portions of pages 18–19, 28–32, 34–35, 39–42, 45–52, 59–71, 74, 77–85, 89–97, 99–121, 123–42, 144–63, 165,169, 172–79, 190–99, and 229–31. | GRANTED |
| Jacob Schroeder Decl., Ex. 10 [322-7] | Highlighted portions of pages 5, 17–30, 32–35, 39–42, 45–49, 53–62, 69–72, 74–78, 80–82, 84–95, 99–102, 104–13, 115–16, 119–20, 127–53, 156–81, 185–93, 195–96, and 198–201. | GRANTED |
| Jacob Schroeder Decl., Ex. 11 [322-8] | Highlighted portions of pages 3, 11, 26, 30, 32–79, 81–85, 87–113, 115–34, 142–48, 150–57, 162–82, 184–88, 190–96, 199–208, 211–45, and 253–60. | GRANTED |
| Jacob Schroeder Decl., Ex. 12 [322-9] | Highlighted portions of pages 13–14, 16, 19–21, 23, 26–38, 41–69, 73–86, 87–106, 108–16, 120–49, 154–58, 162, 164–65, 167–72, 174–77, 179–86, 189, 191–93, 195–99, 201–06, 209–22, and 224–26. | GRANTED |
| Jacob Schroeder Decl., Ex. 13 [322-10] | Highlighted portions of pages 4–5, 10–11, 18–19, 23–26, 30–36, 38–41, 44–71, 73–84, 88–105, 107–113, 116–121, 123–134, and 139–145. | GRANTED |
| Jacob Schroeder Decl., Ex. 14 [322-11] | Entire document. | GRANTED |
| Jacob Schroeder Decl., Ex. 15 [322-12] | Entire document. | GRANTED |
| Jacob Schroeder Decl., Ex. 16 [322-13] | Entire document. | GRANTED |
| Jacob Schroeder Decl., Ex. 18 [322-15] | Entire document. | GRANTED |
| Jacob Schroeder Decl., Ex. 19 [322-16] | Entire document. | GRANTED |
| Jacob Schroeder Decl., Ex. 20 [322-17] | Entire document. | GRANTED |

Case No. 16–cv–06050–LHK
ORDER RE: MOTIONS TO SEAL

| Jacob Schroeder Decl., Ex. 21 [322-18] | Entire document. | GRANTED |
|---|---|---|
| Jacob Schroeder Decl., Ex. 22 [322-19] | Highlighted portions of pages 9, 14–18, 23–27, 31–34, 55, 56, 58, 60, 63, and 65. | GRANTED |

**C. ECF No. 337, Uber's Motion to Seal in Connection with its Reply**

Finally, in connection with Uber's reply, Uber seeks to seal the same "session ID" references discussed above. Uber provides the same justification for sealing this information: that disclosure of the session ID information "could allow Ubers competitors in the ride-sharing industry to glean insight into the technical operation of Uber's applications." ECF No. 337-1 at ¶ 3.

As discussed above, *supra* Section III.B, the Court finds that Uber's conclusory assertion of potential competitive harm is insufficiently compelling to warrant sealing information critical to the parties' noninfringement dispute and that forms the basis of the Court's infringement analysis. *See* ECF No. 350. Accordingly, the DENIES with prejudice Uber's request to seal its reply brief, ECF No. 337.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS the parties' sealing motions filed in connection with motions that the Court has denied as moot. ECF Nos. 249, 257, 260, 268, 271, 276, 291, 293, 296, 300, 314, 318, 320, 332, 334. The documents that the moving parties provisionally filed under seal at the docket entries listed above shall remain under seal.

As to the three sealing motions filed in connection with Uber's motion for summary judgment of noninfringement, which the Court decided on the merits, the Court rules as follows:

- Uber's administrative motion to file seal, ECF No. 298, is GRANTED;

- X One's administrative motion to file seal, ECF No. 322, is GRANTED in part and DENIED with prejudice in part; and

- Uber's administrative motion to file under seal, ECF No. 337, is DENIED with prejudice.

8

**IT IS SO ORDERED.**

Dated: February 12, 2020

_Lucy H. Koh_
LUCY H. KOH
United States District Judge